Argued and submitted November 22, 1993, affirmed May 25, petition for review
denied September 20, 1994 (320 Or 131)

Wendy T. DEMING,
*Appellant,*

*v.*

MT. HOOD COMMUNITY
MENTAL HEALTH CENTER,
an Oregon non-profit corporation,
*Respondent.*

(9203-01734; CA A76813)

875 P2d 484

Kathryn H. Clarke argued the cause and filed the briefs for appellant.

Craig D. Creel argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

**DEITS, P. J.**

Plaintiff was stabbed and injured by her uncle, Richard Johns. Johns had a history of mental illness and, shortly before the assault, two persons had filed a notice of mental illness with defendant Mt. Hood Community Mental Health Center[1] concerning Johns, pursuant to ORS 426.070. After receiving the notice, defendant initiated an investigation under ORS 426.074, as required by ORS 426.070(3), "to determine whether there is probable cause to believe that [Johns] is, in fact, a mentally ill person." The agent whom defendant assigned to conduct the investigation, Black, interviewed Johns and concluded that "there did not appear to be probable cause to initiate" a police procedure leading to Johns' detention pursuant to ORS 426.215. Shortly after the interview, Johns attacked plaintiff.

Plaintiff brought this action, alleging that defendant was liable for Black's negligence in conducting the investigation and in not causing Johns to be detained, with the consequence that he was at liberty when he stabbed her. Defendant filed an answer, and alleged the affirmative defense that it was immune from liability under ORS 426.280(2). It then moved for summary judgment on that ground.[2] The trial court granted the motion, and plaintiff appeals. We affirm.

■ ORS 426.280 provides, as relevant:

"The following limitations on liability and circumstances are applicable to situations within this chapter:

"* * * * *

"(2) The person conducting the investigation under ORS 426.070 and ORS 426.074 shall not be held criminally or civilly liable for conducting the investigation, provided the investigator acts in good faith, on probable cause and without malice."

Plaintiff first argues that the immunity applies only against liability to the allegedly mentally ill person, not to

---

[1] Defendant is a designee of the Multnomah County Mental Health Program director for purposes of the statutes in question.

[2] The motion purported in the alternative to be one for judgment on the pleadings. The trial court granted it under both designations.

others whom that person injures or damages because the negligently performed investigation has left the person free to commit the injurious act.[3] However, the language of the statute simply does not support plaintiff's distinction between immunity from liability to the allegedly mentally ill person and other persons.

Plaintiff argues that her reading of ORS 426.280(2) is supported by the fact that other subsections of the section expressly confer immunity from third-party liability on persons standing in certain relationships to mentally ill persons, while subsection (2) does not do so expressly. She relies on subsections (7) (persons responsible for mentally ill persons on conditional release), (8) (persons connected with outpatient commitments), and (9) (persons connected with trial visits). Plaintiff concludes that, "when the legislature intended to provide an immunity from liability to third persons for injury inflicted by a mentally ill person, it knew how to do so," and it did not use express language in subsection (2) comparable to that of the other cited subsections.

The difficulty with that argument is that there is more than one way for the legislature to phrase an immunity provision. The various subsections of ORS 426.280 have such different histories and purposes that the wording of subsections (7) through (9) has little bearing on the meaning of subsection (2). Subsection (2) was originally enacted through Oregon Laws 1973, chapter 838, section 3, as part of ORS 426.070, and, apart from its recodification, has remained substantially similar in substance since that time. The first version of the immunity language now found in subsection (9) was enacted through section 26 of the same 1973 Act; subsections (7) and (8) were adopted, as material, through Oregon Laws 1987, chapter 903, section 31. The relevant language of each of the three latter subsections provides immunity *only* for damage caused by the mentally ill person's misconduct. In our view, a stronger argument could be made that subsections (7) through (9) provide immunity *only* from liability to third persons than that subsection (2) does *not* provide immunity from liability to them as well as to allegedly mental ill

---

[3] Plaintiff does not contest defendant's allegation that it and its agent satisfied the good faith, probable cause and without malice criteria of the statute. *See* note 2, *supra.*

persons. Subsection (2) is inclusive, while the other subsections are arguably exclusive.

■ Plaintiff also argues that ORS 426.280(2) immunizes the investigator only for the act of conducting the investigation, not for the consequences of negligence in its performance. In this instance, the words of the statute "for conducting the investigation" could be read to support plaintiff's understanding that the immunity applies only to the *act* of investigating and not to its *consequences*. However, the language is also consistent with the opposite understanding. After considering the context of the statute, we do not agree with plaintiff's interpretation. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Under ORS 426.070(3), the director or the director's designee has a mandatory duty to initiate an investigation upon receiving a notice, and the investigation must then be conducted pursuant to ORS 426.074. No purpose would be served by providing immunity in ORS 426.280(2) only for the precise act that other provisions of the statutes require to be performed. Immunity for that act inheres in the statutory mandate. The only plausible reason for the separate immunity provision is to insulate the consequences of the required act, rather than the act itself.

We conclude that the text and context of ORS 426.280(2) demonstrate that the immunity it confers applies to liability to third parties, as well as liability to allegedly mentally ill persons, and that defendant is immune from this action. Because the text and context are dispositive, plaintiff's arguments based on legislative history need not be reached. The trial court did not err by granting the motion.

Affirmed.