Argued and submitted September 27, 1993, judgment for City of Astoria reversed and remanded; judgment for James M. Guynup affirmed July 27, respondent City of Astoria's motion for reconsideration filed August 9 allowed by opinion October 5, 1994
See 130 Or App 425 (1994)

Marilyn Ann SCOVILL,
by and through the
Personal Representative of her Estate,
Naomi Scovill Hubbard,
*Appellant,*

*v.*

CITY OF ASTORIA,
a municipal corporation,
and James M. Guynup,
*Respondents.*

(90-2134; CA A75790)

878 P2d 1127

Joseph A. Di Bartolomeo argued the cause for appellant. With him on the briefs was Patrick Lavis, P.C.

Janet M. Schroer argued the cause for respondent City of Astoria. With her on the brief was Hoffman, Hart & Wagner.

Ken L. Ammann argued the cause for respondent James M. Guynup. With him on the brief was Spooner & Much, P.C.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

---

* Richardson, C. J., *vice* Durham, J.

## DEITS, P. J.

Plaintiff, the personal representative of the decedent, Scovill, brought this action against defendants City of Astoria and James Guynup. Plaintiff alleged that the city's police officers were negligent and had also committed a statutory tort under ORS 426.460 in allowing Scovill to leave a city police station rather than detain her when she was in a dangerously intoxicated state. After Scovill left the station, she wandered into the street in a disoriented and unsteady condition and was struck and killed by Guynup's vehicle. Plaintiff alleged that Guynup, too, was negligent. The trial court granted the city's motion to dismiss the statutory tort claim on the ground that the city and its personnel were immune from liability under ORS 426.470, and the complaint therefore failed to state facts constituting the claim. The negligence claims against both defendants were then tried to a jury, which found in their favor. Plaintiff appeals from the resulting judgment, and we affirm in part and reverse in part.

Plaintiff's first two assignments are directed against the judgment for the city. She contends that the court erred by dismissing the statutory tort claim on grounds of immunity. ORS 426.460(1) and (3) provide:

"(1)   Any person who is intoxicated or under the influence of controlled substances in a public place may be taken or sent home or to a treatment facility by the police. However, if the person is incapacitated, the health of the person appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to self or to any other person, the person shall be taken by the police to an appropriate treatment facility. A person shall be deemed incapacitated when in the opinion of the police officer or director of the treatment facility the person is unable to make a rational decision as to acceptance of assistance.

"* * * * *

"(3)   In the absence of any appropriate treatment facility, an intoxicated person or a person under the influence of controlled substances who would otherwise be taken by the police to a treatment facility may be taken to the city or county jail where the person may be held until no longer intoxicated, under the influence of controlled substances or incapacitated."

ORS 426.470 provides:

> "No peace officer, treatment facility and staff, physician or judge shall be held criminally or civilly liable for actions pursuant to ORS 426.450 to 426.470 and 430.315 to 430.335 provided the actions are in good faith, on probable cause and without malice."

■ The city first argues, and the trial court apparently concluded, that ORS 426.470 immunizes the city's officers for not detaining Scovill or taking her to a facility pursuant to ORS 426.460. However, we conclude that the immunity issue cannot be decided through a motion to dismiss for failure to state a claim. The complaint does not disclose on its face that all elements necessary to establish immunity are present. *See McBride v. Magnuson*, 282 Or 433, 578 P2d 1259 (1978). The city's argument that plaintiff failed to allege that the officers acted with malice or without good faith or probable cause puts the shoe on the wrong foot, and illustrates why the immunity issue cannot be decided on this record. It is the city's burden to establish immunity, not plaintiff's to negate it.[1] The complaint does not reveal on its face that the officers come within ORS 426.470. *Compare Deming v. Mt. Hood Community Mental Health Center*, 128 Or App 164, 875 P2d 484 (1994).

■ However, independently of its immunity argument, we understand the city to also contend that ORS 426.460 cannot serve as the basis for a statutory tort claim, in part because the statute imposes no requirements on police officers of a kind that can be violated to the detriment of a private party whom the officers do *not* detain. Plaintiff disagrees. She analogizes this case to *Nearing v. Weaver*, 295 Or 702, 670 P2d 137 (1983), in which the court held that the plaintiff had a claim under the Abuse Prevention Act, based on the failure of police officers to enforce a restraining order against the plaintiff's estranged husband. Under ORS 133.310(3), a peace officer "shall arrest and take into custody a person without a warrant when the * * * officer has probable cause to believe that" the person has violated a restraining order of the kind in question. The court noted, however:

---

[1] The complaint, in fact, does allege that the officers' actions constituted "bad faith." The city dismisses that allegation as a conclusion of law. Whether or not the city is correct about that, it has the burden of establishing the immunity defense. It is not part of plaintiff's case.

"The statutes in this case, ORS 133.310(3), and its companion, ORS 133.055, are unique among statutory arrest provisions because the legislature chose mandatory arrest as the best means to reduce recurring domestic violence. They identify with precision when, to whom, and under what circumstances police protection must be afforded. The legislative purpose in requiring the police to enforce individual restraining orders clearly is to protect the named persons for whose protection the order is issued, not to protect the community at large by general law enforcement activity." 295 Or at 712.

Like the statutes involved in *Nearing*, ORS 426.460 contains some mandatory detention requirements, which plaintiff alleges are applicable here. *See State v. Okeke*, 304 Or 367, 376, 745 P2d 418 (1987). Also like the *Nearing* statutes, ORS 426.460 is aimed at the protection of persons such as the decedent in her alleged condition in this case. The city argues that, generally, an intoxicated person does not have a cause of action against alcohol servers or others for injuries resulting from the intoxication. Although that may be true in other contexts, the rationale of the alcohol server cases is inapplicable here. The court said in *State v. Westlund*, 302 Or 225, 230, 729 P2d 541 (1986), that "the interest protected by ORS 426.460(1) is the prevention of injury to the intoxicated person or to others."[2] Hence, for purposes of whether a statutory right of action can be available under ORS 426.460, the analysis is very similar to the analysis in *Nearing*. The statute provides protection to identifiable persons under defined conditions when their detention is mandated. We hold that, at least in the absence of an immunity defense under ORS 426.470, a statutory tort claim under ORS 426.460 may be asserted in the circumstances alleged here. *Compare Nearing v. Weaver, supra*, 295 Or at 710-11.

The city maintains that any error in dismissing the statutory claim was harmless, because the jury that tried the negligence claim found that it was not even negligent; therefore, it could not have engaged in the more culpable conduct necessary for liability to exist under ORS 426.470. There are a number of difficulties with that argument, but the principal

---

[2] The court in *Westlund* left open the question of whether a violation of ORS 426.460 can give rise to an action against the officers. 302 Or at 228-29.

one is similar to the issues we have discussed. The city did not plead immunity under ORS 426.470 as a defense. Whether the culpable mental states delineated in ORS 426.470 were present is therefore a question in an immunity defense that was not presented to the jury. Moreover, there is no necessary inconsistency between a finding that the officers were not negligent and a possible finding that their conduct was accompanied by bad faith or malice or was unsupported by probable cause. The fact that those mental states are different from negligence does not mean that they cannot exist in the absence of negligence. The trial court erred by dismissing the statutory claim.

In her second assignment, plaintiff contends that the court erred by excluding ORS 426.460 *et seq* and related implementing policies of the city's police department as evidence of the standard of care applicable to the negligence claim against the city. The city's argument under this assignment fails for reasons similar to the ones that led to our disposition of the first assignment. In the trial court, and again here, the city contended that the evidence should be excluded, because ORS 426.470 immunizes it from liability for the officers' actions pursuant to ORS 426.460. Therefore, the latter provision cannot be probative of the city's standard of care, because its violation cannot result in a finding of liability for breaching a standard of care. Assuming the city's premises to be correct, its argument again depends on a showing that ORS 426.470 applies. The city simply posits that it is immune under that statute as a matter of law. However, immunity under ORS 426.470 is a matter of defense that requires, in part, a factual showing by the city that it satisfies the good faith, probable cause, and absence of malice provisos.

The city also relies on *Shahtout v. Emco Garbage Co.*, 298 Or 598, 695 P2d 897 (1985), and similar cases. However, the aspect of those cases on which it relies deals with the question of when statutory or regulatory safety standards that do not directly regulate the defendant's conduct under the circumstances of the case are nevertheless admissible as evidence relevant to the standard of care. Assuming without deciding that the city would be correct if that were the

question here, it is not. As discussed under the first assignment, in the absence of a showing that the city is immune under ORS 426.470, ORS 426.460 *does* directly regulate the officers' conduct and bears on their standard of care. As such, the statute and policies were admissible as evidence of negligence. *See Shahtout v. Emco Garbage Co., supra*, 298 Or at 601. The exclusion of the evidence was error. The judgment for the city on the negligence claim must be reversed and remanded for further proceedings.

Plaintiff's remaining assignments concern the judgment in Guynup's favor. Plaintiff first contends that the court erred by allowing a police officer to testify regarding statements of Guynup, who was not present at trial, that were included in the police report of the accident. Plaintiff asserts that the evidence was inadmissible hearsay. Assuming that the admission of the testimony was error, it was redundant and harmless. Essentially the same evidence had been introduced by plaintiff through excerpts from Guynup's deposition that were read into the record.

Finally, plaintiff argues that the court erred by denying her motion for a continuance made when she discovered, on the day of trial, that Guynup would not be present. Plaintiff had not subpoenaed Guynup and points to no showing that she was unable to make because of his absence. There was no abuse of discretion.

Judgment for City of Astoria reversed and remanded; judgment for James M. Guynup affirmed.