Argued and submitted July 29, affirmed October 26, 1994, petition for review denied January 24, 1995 (320 Or 507)

Robert McALPINE,
*Appellant,*

*v.*

MULTNOMAH COUNTY,
*Defendant,*

*and*

CITY OF PORTLAND
and Regional Organized Crime
Narcotics Agency,
*Respondents.*

(C93-0353CV; CA A80998)

883 P2d 869

J. William Savage argued the cause for appellant. With him on the briefs were Lynn M. Clark and Rieke, Geil & Savage, P.C.

Harry Auerbach argued the cause and filed the brief for respondent City of Portland.

Michael A. Lehner argued the cause for respondent Regional Organized Crime Narcotics Agency. With him on the brief was Lehner, Mitchell, Rodrigues & Sears.

Before Rossman, Presiding Judge, and Richardson, Chief Judge, and Leeson, Judge.

LEESON, J.

## LEESON, J.

Plaintiff appeals a judgment dismissing his complaint against defendants City of Portland and Regional Organized Crime Narcotics Agency for failure to state a claim.[1] We affirm.

■■ In reviewing a dismissal for failure to state a claim, we are limited to the facts stated in the complaint. *Erickson v. Christenson*, 99 Or App 104, 106, 781 P2d 383 (1989), *rev dismissed* 311 Or 266 (1991). We accept as true the allegations in the complaint and all reasonable inferences that may be drawn from them. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992). A pleading that contains an allegation of material fact as to each element of the claim for relief, even if vague, is sufficient to survive a motion to dismiss. *Mazurek v. Rajnus*, 253 Or 555, 557-58, 456 P2d 83 (1969); *Erickson v. Christenson, supra*, 99 Or App at 106.

Plaintiff's complaint alleges:

*"Count One: Negligence*

[1.]

"On or about August 22, 1986, * * * Brian Charlesworth was paroled from Oregon State Penitentiary following a conviction for Delivery of a Controlled Substance, Schedule II.

[2.]

"From at least August 19, 1991, until October 26, 1991, [defendants] conducted surveillance of Charlesworth as part of an ongoing drug investigation * * * [that] included following Charlesworth from the * * * County Courthouse [on two occasions after he had made court appearances].

[3.]

"At all material times there was in effect ORS 144.331, which stated that a sheriff, municipal police officer or other peace officer shall execute the order of arrest for any person which is issued by the Oregon Board of Parole and Post-Prison Supervision.

[4.]

"At all material times, [defendants] knew or reasonably should have known that Charlesworth had a history of

---

[1] Defendant Multnomah County is not a party to this appeal.

violent behavior which included adult and juvenile convictions for Armed Robbery, Bank Robbery, Possession of a Gas Bomb, Assault in the First Degree, and Delivery of Controlled Substances, Schedule II.

[5.]

"On August 26, 1991, the Oregon Board of Parole issued an order to arrest and detain Charlesworth.

[6.]

"From on or about August 26, 1991, [defendants] knew or reasonably should have known of the outstanding order from the Board of Parole to arrest and detain Charlesworth.

[7.]

"Due to the negligence of [defendants], and [their] failure to follow the directive of ORS 144.331, Charlesworth was allowed to remain at large after August 26, 1991 until October 26, 1991, when Charlesworth assaulted and seriously injured plaintiff.

[8.]

"On October 26, 1991, [plaintiff and his wife were passengers in a vehicle driven by his daughter. Charlesworth was in a car driving in the same general direction. Plaintiff's car slowed or stopped to make a turn and Charlesworth's car skidded to a stop nearby. Charlesworth got out of his vehicle and approached plaintiff's car. Plaintiff began to get out of the car.] Charlesworth violently slammed plaintiff's head with the rear door crushing it between the door and door jamb. Charlesworth then pulled plaintiff's head up and punched him in the face, causing [plaintiff] to fall backward onto the hood of a nearby vehicle. * * *

[9.]

"The violent assault on [plaintiff] caused him serious and permanent physical, mental and emotional injury. * * *

[10.]

"[Plaintiff's injuries] were proximately caused by the negligence of [defendants] in one or more of the following particulars:

"A. In failing to effect the arrest of Charlesworth in accordance with ORS 144.331;

"B. In failing to follow their own policies and procedures to effect the arrest of Charlesworth as ordered by the Board of Parole;

"C. In failing to ascertain the existence of the order for the arrest and detention of Charlesworth issued by the Board of Parole during the time that he was the subject of close surveillance and investigation.

*"Count Two: Negligence Per Se*

"[Defendants'] actions were in violation of ORS 144.331, which actions were the cause of plaintiff's injuries.

"Plaintiff was in the class of persons intended to be protected by the enactment of ORS 144.331 * * *.

"The injuries that plaintiff suffered were within the area of risk intended to be avoided or prevented by the enactment of ORS 144.331 * * *.

*"Count Three: Statutory Liability*

"In violation of ORS 144.331 * * *, defendant[s] * * * failed to arrest Charlesworth after the Board of Parole issued its order to do so, although defendant[s] had a statutory duty to do so.

"As a result of [defendants'] breach of [their] statutory duty, plaintiff suffered serious and permanent personal injuries * * *."

Defendants moved to dismiss plaintiff's complaint pursuant to ORCP 21A(8). The trial court granted that motion on the grounds that there is no indication that the purpose of ORS 144.331(1) is to protect any particular class of persons and that defendants had no special relationship with plaintiff. The court then entered judgment for defendants. On appeal, plaintiff assigns error to the trial court's dismissal of the complaint.

■ We first consider whether plaintiff stated a claim for negligence. Plaintiff argues that the trial court erred in concluding that his injuries did not fall within the scope of "generalized risk of the types of incidents and injuries" that are created when law enforcement agencies undertake surveillance of a person who has a history of violent crimes, and

for whom an outstanding arrest warrant exists, but do not arrest the person. *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 17, 734 P2d 1326 (1987). Plaintiff further argues that a reasonable factfinder could conclude that harm to individual members of the public was a reasonably foreseeable consequence of defendants' failure to arrest Charlesworth.

Defendants contend that plaintiff's negligence claim is controlled by *Buchler v. Oregon Corrections Div.*, 316 Or 499, 853 P2d 798 (1993). They assert that, in order to be responsible for controlling a third person to prevent that person from doing harm to another, they must have some form of custody of that person. Defendants further argue that plaintiff fails to allege sufficient facts from which it could be reasonably inferred that defendants knew that Charlesworth was likely to harm plaintiff if defendants did not arrest him.

Plaintiff is correct that the necessary starting point for a review of the sufficiency of this negligence claim is the Supreme Court's decision in *Fazzolari v. Portland School Dist. No. 1J, supra*. In that case, the court held that

> "unless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." 303 Or at 17.

The general allegations of plaintiff's complaint require us first to determine whether plaintiff has alleged "a status, a relationship, or a particular standard of conduct that creates, defines or limits the defendant's duty." *Fazzolari v. Portland School Dist. No. 1J, supra*, 303 Or at 16. In *Buchler v. Oregon Corrections Div., supra*, the court noted that a duty to control the conduct of a third person arises in only two contexts. The first is when there is a special relationship between the plaintiff and the defendant. In *Buchler*, the court found there was no special relationship between the defendant jailer and the plaintiff, a member of the general public. The second context in which the duty to control the conduct of a third person arises is when the defendant occupies a special status in relation to the third person. In using *Restatement (Second)*

*of Torts*, § 319 (1965), as authority, the *Buchler* court held that jailers do have a special status in relation to their prisoners, and that they must exercise reasonable care to protect others from dangerous people in the jailer's custody.

Plaintiff argues that although no special relationship exists between defendants and himself as a member of the general public, defendants did have a special relationship with Charlesworth and that that relationship gave rise to a duty to exercise care to prevent harm to plaintiff. Plaintiff's argument relies on section 319 of the *Restatement*, which provides:

> "Duty of Those in Charge of Person Having Dangerous Propensities
>
> "One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."

In order to plead liability under section 319, plaintiff must allege that defendants had taken charge of Charlesworth and knew or should have known that Charlesworth was likely to cause bodily harm to others if not controlled. However, plaintiff's complaint alleges only that defendants knew or should have known of the arrest warrant for Charlesworth, that they knew or should have known of Charlesworth's violent history, and that they had Charlesworth under surveillance. Plaintiff did not allege that defendants had taken charge of Charlesworth. Nothing in the pleadings permits the inference that defendants had taken charge of or had control over Charlesworth, or had Charlesworth in custody.

■ Having concluded that there was no status, relationship, or particular conduct that created, defined or limited defendants' duty, we next determine whether plaintiff stated a claim under the general foreseeability standard set out in *Fazzolari*. To satisfy that standard, plaintiff must plead that defendants' conduct created a reasonably foreseeable risk of harm to persons in plaintiff's position. *Fazzolari v. Portland School Dist. No. 1J, supra*; *Buchler v. Oregon Corrections Div., supra*, 316 Or at 516, 522, 523.

Plaintiff argues that

"harm to individual members of the public was a reasonably foreseeable consequence of defendants' failure to arrest Charlesworth, even though defendants had him under surveillance, knew or should have known of Charlesworth's violent nature, and knew or should have known of the outstanding arrest warrant issued by the Board of Parole."

Defendants argue that it was not reasonably foreseeable that Charlesworth was likely to cause injury to members of the public if he was not arrested on the parole violation warrant. They note that Charlesworth was on parole following a drug conviction, and that he was under surveillance as part of a drug investigation. They further note that plaintiff did not allege that any of Charlesworth's conduct while on parole involved violence or threat of physical harm to members of the general public.

In *Buchler*, the Supreme Court held that, in order for a defendant to be liable under the foreseeability test of *Fazzolari*, the defendant's conduct must have unreasonably created the risk of harm that befell the plaintiff. The court declined to find liability where "[a]n intervening criminal instrumentality caused the harm and created the risk." *Buchler v. Oregon Corrections Div., supra,* 316 Or at 511. The court observed:

"While it is generally foreseeable that criminals may commit crimes and that prisoners may escape and engage in criminal activity while at large, that level of foreseeability does not make the criminal's acts the legal responsibility of everyone who may have contributed in some way to the criminal opportunity. In other words, in our society it is foreseeable that crimes may occur and that the criminals perpetrating them may cause harm. Thus, in a general sense, it is foreseeable that anyone whose conduct may in any way facilitate the criminal in committing the crime has played some part in the resulting harm. But mere 'facilitation' of an unintended adverse result, where intervening intentional criminality of another person is the harm-producing force, does not cause the harm so as to support liability for it." 316 Or at 511.

That reasoning applies in this case. Charlesworth was on parole following conviction for delivery of a controlled substance. He was under surveillance as part of an ongoing drug investigation. Plaintiff's complaint does not allege the

reasons why the parole board issued the arrest warrant for Charlesworth and nothing alleged in the complaint supports an inference that the warrant was related to any violent behavior by Charlesworth. His assault on plaintiff occurred after a minor traffic altercation. The injuries plaintiff sustained in that altercation were not the foreseeable result of Charlesworth's remaining at large following violation of his parole. They were not risks unreasonably created by defendants' failure to arrest him. *Buchler v. Oregon Corrections Div., supra,* 316 Or at 507.

■    We next address plaintiff's claims against defendants for negligence *per se* and for statutory liability. The elements required to state a claim for both are the same. Plaintiff must allege that (1) defendants violated a statute; (2) that plaintiff was injured as a result of that violation; (3) that plaintiff was a member of the class of persons meant to be protected by the statute; *and* (4) that the injury plaintiff suffered is of a type that the statute was enacted to prevent. *Torres v. Pacific Power and Light,* 84 Or App 412, 415, 734 P2d 364, *rev dismissed* 304 Or 1 (1987) (negligence *per se*); *Dunlap v. Dickson,* 307 Or 175, 179, 765 P2d 203 (1988) (statutory liability); *Praegitzer Industries v. Rollins Burdick Hunter,* 129 Or App 628, 632, 880 P2d 479 (1994) (statutory liability). Even assuming that plaintiff has properly alleged the first three elements, we conclude that he has not satisfied the fourth.

■    Plaintiff's argument regarding the fourth element hinges on his interpretation of ORS 144.331(1), which provides:

> "The State Board of Parole and Post-Prison Supervision may suspend the parole or post-prison supervision of any person under its jurisdiction upon being informed and having reasonable grounds to believe that the person has violated the conditions of parole or post-prison supervision and may order the arrest and detention of such person. The written order of the board is sufficient warrant for any law enforcement officer to take into custody such person. A sheriff, municipal police officer, constable; parole or probation officer, prison official or other peace officer shall execute the order."

Plaintiff contends that the statute "was meant to protect members of the general public from the criminal activities perpetrated by parole violators." Defendants argue that plaintiff's claims must fail, because ORS 144.331 "is not a safety statute" and that its purpose is to ensure that those convicted of crimes serve the sentence imposed, including compliance with the conditions of parole.

ORS 144.331(1) is part of a series of statutory provisions dealing with post-prison supervision, parole and termination of parole. We find nothing on the face of that statute, or in the surrounding provisions of chapter 144, that suggests that it was meant to protect members of the general public from criminal activities perpetrated by parole violators.

On the contrary, ORS 144.331(1) gives the Board of Parole and Post-Prison Supervision discretion to order the arrest and detention of any parolee whom the Board has reasonable grounds to believe has violated conditions, such as regular reporting to the parole officer, answering reasonable inquiries, respecting all laws, participating in treatment programs, and maintaining residence and employment. ORS 144.102; ORS 144.270. Authority to issue an arrest order for the violation of conditions such as these does not indicate that the purpose of ORS 144.331(1) is to protect the public from criminal activities committed by parole violators. The statute does not identify a particular danger to be prevented, nor does it identify any class of persons placed at risk by a parole violator or by the failure of a police officer to make an arrest. The statute merely gives the Board the means to enforce compliance with the conditions of parole and delegates the responsibility for making arrests when ordered by the Board. In sum, plaintiff asks us to insert a purpose into ORS 144.331(1) that the legislature did not provide. We may not do that. ORS 174.010; *Sanders v. Oregon Pacific States Ins. Co.*, 314 Or 521, 527, 840 P2d 87 (1992).

Plaintiff also argues that "[t]he cause of action for statutory negligence plaintiff requests the Court to recognize in this case is like that recognized by the Oregon Supreme Court in *Nearing v. Weaver*, 295 Or 702, 670 P2d 137 (1983)." In that case, the court held that the plaintiff had stated a claim for statutory liability under the Abuse Prevention Act, ORS 107.700-.835, based on the failure of the police

to enforce a restraining order against the plaintiff's estranged husband. ORS 133.310(3) requires that a peace officer "shall arrest and take into custody a person without a warrant when the * * * officer has probable cause to believe that" the person has violated a restraining order issued pursuant to the Abuse Prevention Act. The court ruled that the Abuse Prevention Act is clear on its face. The statutes were intended to protect the plaintiff named in the restraining order from abuse by her estranged husband, who was also named in the order. However, the court noted:

> "The statutes in this case, ORS 133.310(3), and its companion, ORS 133.055, *are unique among statutory arrest provisions because the legislature chose mandatory arrest as the best means to reduce recurring domestic violence.* They identify with precision when, to whom, and under what circumstances police protection must be afforded. The legislative purpose in requiring the police to enforce individual restraining orders clearly is to protect named persons for whose protection the order is issued, not to protect the community at large by general law enforcement activity." 295 Or at 712. (Emphasis supplied.)

Because we find nothing on the face of ORS 144.331(1), or in the surrounding provisions of chapter 144, to suggest that those provisions are analogous to ORS 133.310(3) and ORS 133.055, we conclude that plaintiff's reliance on *Nearing* is misplaced.

Neither is plaintiff aided by our recent decision in *Scovill v. City of Astoria,* 129 Or App 240, 878 P2d 1127, *mod* 130 Or App 425, 882 P2d 1126 (1994). In that case, we construed ORS 426.460(1) and (3), which provide:

> "(1)   Any person who is intoxicated or under the influence of controlled substances in a public place may be taken or sent home or to a treatment facility by the police. However, *if the person is incapacitated, the health of the person appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to self or to any other person,* the person shall be taken by the police to an appropriate treatment facility. A person shall be deemed incapacitated when in the opinion of the police officer or director of the treatment facility the person is unable to make a rational decision as to acceptance of assistance.
>
> "* * * * *

"(3)  In the absence of any appropriate treatment facility, an intoxicated person or a person under the influence of controlled substances who would otherwise be taken by the police to a treatment facility may be taken to the city or county jail where the person may be held until no longer intoxicated, under the influence of controlled substances or incapacitated." (Emphasis supplied.)

The plaintiff in *Scovill* alleged that the defendant's police officers were statutorily liable for allowing the plaintiff's decedent to leave a city police station rather than detaining her when she was dangerously intoxicated. After the decedent left the police station, she wandered into the street and was struck and killed by a vehicle. We held that, in the absence of an immunity defense, a statutory tort claim under ORS 426.460 could be asserted in those circumstances, because, "like the *Nearing* statutes, ORS 426.460 is aimed at the protection of persons such as the decedent in her alleged condition in this case." *Scovill v. City of Astoria, supra,* 129 Or App at 244.

Unlike ORS 144.331(1), the statutes at issue in *Nearing* and *Scovill* clearly define the limited class of persons to be protected, the circumstances under which protection is required, and the harm to be prevented. Because the purpose of ORS 144.331(1) is not to protect a particular class of persons or to prevent a particular type of harm, plaintiff cannot state a cause of action for negligence *per se* or for statutory liability under that statute.

Affirmed.