Argued and submitted December 9, 1994, reversed and remanded January 25, 1995

Jose FRANCISCO-RUIZ-SANCHEZ,
Eduardo Ruiz-Sanchez and
Cuauhtemoc Ruiz-Sanchez,
*Appellants,*

*v.*

RED LION,
a Ltd. California corporation,
*Respondent,*

*and*

Shane TOUCHETT,
Jeff Moody, Ray Moody
and Murray Starky,
*Defendants.*

(CV 92-0859; CA A80473)

888 P2d 1069

Wade P. Bettis, Jr., argued the cause for appellants. With him on the brief was Bettis & Associates, P.C.

Darleen Darnall argued the cause for respondent. With her on the brief were Lisa E. Lear, David A. Ernst and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

LEESON, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

## LEESON, J.

Plaintiffs appeal from a judgment dismissing their negligence action against Red Lion (defendant)[1] for failure to state a claim. We reverse.

■ In reviewing a dismissal for failure to state a claim, we are limited to the facts stated in the complaint. *McAlpine v. Multnomah County*, 131 Or App 136, 138, 883 P2d 869 (1994). We accept as true the allegations in the complaint and all reasonable inferences that may be drawn from them. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992). A pleading that contains an allegation of material fact as to each element of the claim for relief, even if vague, is sufficient to survive a motion to dismiss. *McAlpine v. Multnomah County, supra*, 131 Or App at 138.

Plaintiffs' amended complaint alleges that, while visiting defendant's business as patrons, they were attacked and injured by four other patrons. They also allege, in relevant part:

"19.

"Because plaintiffs were patrons who were invited to and had entered onto defendant Red Lion's premises for the business purpose of purchasing food and/or drinks from defendant to defendant's economic advantage, defendant Red Lion, as the owner of the premises, had a duty to the plaintiffs to protect plaintiffs from unreasonable risks of harm at the hands of other patrons at the time of plaintiffs' injuries.

"* * * * *

"21.

"Defendant Red Lion knew or should have known that the fight was in progress because the customers in the bar rushed into the hallway to observe the fight.

"22.

"In light of the foreseeable risk that serious bodily injury could occur to a patron of defendant Red Lion's establishment if a fight broke out and/or was not controlled, defendant

---

[1] Defendants Shane Touchett, Jeff Moody, Ray Moody and Murray Starky are not parties to this appeal. We use the designation "defendant" to refer only to Red Lion.

Red Lion's conduct created an unreasonable risk of foreseeable harm to the plaintiffs in the following particulars:

"* * * * *

"2) In failing to train or direct their employees to telephone the police when a disruption occurred;

"3) In failing to intervene in a fight between patrons before serious bodily injury occurred;

"* * * * *

"5) In failing to break the fight up at its inception;

"6) In failing to investigate the fight when the patrons of the bar rushed into the hallway to observe the fight;

"* * * * *

"8) In failing to telephone either the police or the ambulance at any point before, during or after the fight."

Defendant argues that plaintiffs' claim for negligence "does not allege facts that would show that Red Lion had sufficient time and notice of the fight to assess any need for further measures before the police arrived."

 To state a claim for negligence, plaintiffs must allege facts that show that defendant's conduct unreasonably created a reasonably foreseeable risk of the type of harm that befell them. *Buchler v. Oregon Corrections Div.*, 316 Or 499, 522, 853 P2d 798 (1993). Plaintiffs alleged that defendant knew or had reason to know that a fight had broken out and yet took no action to investigate, intervene or alert the police in order to minimize the reasonably foreseeable injuries to plaintiffs. They also alleged that defendant unreasonably created the risk by its failure to take any action. That is enough to constitute a cognizable claim of negligence against defendant for its failure to act while the fight was still in progress. The trial court erred in dismissing the complaint.

Reversed and remanded.