Argued and submitted January 11, reversed and remanded March 8, petition for review denied August 1, 1995 (321 Or 429)

BICYCLE TRANSPORTATION ALLIANCE, INC.,
an Oregon nonprofit corporation,
*Appellant,*

*v.*

CITY OF PORTLAND,
by and through its Commissioners,
Mike Lindberg, Earl Blumenauer,
Gretchen Kafoury, Charlie Hales,
*Respondent,*

*and*

STATE OF OREGON,
by and through the
DEPARTMENT OF TRANSPORTATION,
*Defendant.*

(9309-05777; CA A82770)

891 P2d 692

Jay W. Beattie argued the cause for appellant. With him on the briefs was Lindsay, Hart, Neil & Weigler.

Linda Meng, Chief Deputy City Attorney, argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

■ ■ Plaintiff appeals from a judgment dismissing its complaint against defendant City of Portland for failure to state a claim.[1] On review we are limited to the facts stated in the complaint, *McAlpine v. Multnomah County*, 131 Or App 136, 138, 320 P2d 507 (1994), *rev den* 320 Or 507 (1995), and accept as true the allegations and all reasonable inferences that may be drawn from them. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992). A pleading that contains an allegation of material fact as to each element of the claim for relief, even if vague, is sufficient to survive a motion to dismiss. *McAlpine v. Multnomah County, supra*, 131 Or App at 138.

Plaintiff is a nonprofit Oregon corporation that is an advocate for increased bicycle access, use and safety in the City of Portland. Its amended complaint alleged, in part:

"5.

"The City of Portland is in the process of constructing, reconstructing and/or relocating certain streets within the City of Portland in connection with its Arena Project. It has failed to provide a viable bicycle lane in connection with and through that project, and has failed and refused to place bicycle lanes on those reconstructed streets, all in violation of ORS 366.514.

"6.

"The plaintiff has no adequate or speedy remedy at law, and unless the defendant City of Portland is enjoined from its violation of ORS 366.514 and required to create and sign state-law-mandated bicycle lanes, citizens of the City of Portland and [plaintiff], will be irreparably harmed.

"7.

"The State of Oregon, through its Department of Transportation and Highway Division, has continued to furnish funds to the City of Portland for the Arena Project and other projects in violation of ORS 366.514."

Defendant moved to dismiss the complaint for failure to state a claim. The trial court granted that motion and entered judgment for defendant.

---

[1] Defendant State of Oregon is not a party to this appeal.

■     Plaintiff argues that ORS 366.514(1) imposes an obligation on defendant to construct bicycle and pedestrian facilities in connection with the construction, reconstruction or relocation of any roadway around and through defendant's Arena project. Defendant contends that, read as a whole, ORS 366.514 merely requires cities to expend one percent of state highway fund revenues on the activities described in ORS 366.514(1). It also raises several policy considerations supporting its contention that the statute only requires it to spend one percent. Defendant maintains that, because it spends more than one percent annually on such activities, the trial court properly dismissed plaintiff's complaint. We disagree.

ORS 366.514 provides:

"(1)   Out of the funds received by the department or by any county or city from the State Highway Fund *reasonable amounts shall be expended as necessary to provide footpaths and bicycle trails*, including curb cuts or ramps as part of the project. Footpaths and bicycle trails, including curb cuts or ramps as part of the project, shall be provided wherever a highway, road or street is being constructed, *reconstructed* or relocated. Funds received from the State Highway Fund may also be expended to maintain footpaths and trails and to provide footpaths and trails along other highways, roads and streets and in parks and recreation areas.

"(2)   Footpaths and trails are not required to be established under subsection (1) of this section:

"(a)   Where the establishment of such paths and trails would be contrary to public safety;

"(b)   If the cost of establishing such paths and trails would be excessively disproportionate to the need or probable use; or

"(c)   Where sparsity of population, other available ways or other factors indicate an absence of any need for such paths and trails.

"(3)   *The amount expended by the department or by a city or county as required or permitted by this section shall never in any one fiscal year be less than one percent* of the total amount of the funds received from the highway fund. However:

"(a)   This subsection does not apply to a city in any year in which the one percent equals $250 or less, or to a county in any year in which the one percent equals $1,500 or less.

"(b)   A city or county in lieu of expending the funds each year may credit the funds to a financial reserve or special fund in accordance with ORS 280.100, to be held for not more than 10 years, and to be expended for the purposes required or permitted by this section." (Emphasis supplied.)

■      In construing a statute, our task is to discern the intent of the legislature. The first level of analysis is to examine both the text and context of the statute, including other provisions of the same statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). If the legislature's intent is clear, no further inquiry is necessary. 317 Or at 611. We are prohibited by ORS 174.010 from inserting into the statute what has been omitted or omitting what has been inserted. 317 Or at 611.

ORS 366.514(1) imposes on agencies that receive state highway funds an obligation to provide bicycle and pedestrian facilities, and requires those agencies to expend "reasonable amounts" as necessary of the state highway funds they receive to provide such facilities. The first sentence of subsection (1) establishes *what* the funds are to be used for and the second sentence describes *when* state highway funds are to be used to provide bicycle and pedestrian facilities. The third sentence is permissive. It allows an agency to use state highway funds to provide bicycle and pedestrian facilities along highways, roads and streets, or in parks and recreation areas, even when those highways, roads and streets are not being constructed, reconstructed or relocated.

Subsection (3) states that an agency shall expend not less than one percent of the total amount of state highway funds received in any one fiscal year on the activities described in subsection (1). An agency's obligation under subsection (3) may be relieved or deferred by one of the exceptions in paragraphs (3)(a) or (3)(b). The language of subsection (3) establishes an annual spending "floor" of one percent if the requirements of subsection (1) apply. Subsection (3) does not limit an agency's obligation to spending only one percent.

Read as a whole, ORS 366.514 requires that when an agency receives state highway funds and constructs, reconstructs or relocates highways, roads or streets, it must expend

a reasonable amount of those funds, as necessary, on bicycle and pedestrian facilities. The statute also requires the agency to spend no less than one percent per fiscal year on such facilities, unless relieved of that obligation by one of the exceptions in subsection (2).

Plaintiff's amended complaint alleged that defendant received state highway funds, that it constructed, reconstructed or relocated streets as part of its Arena project, that ORS 366.514(1) requires defendant to provide bicycle and pedestrian facilities, and that defendant has not provided bicycle and pedestrian facilities.[2] Plaintiff alleged sufficient facts to state a claim for relief under ORS 366.514. Defendant's other arguments raise matters of proof whose resolution awaits a subsequent proceeding.

The trial court erred in dismissing plaintiff's complaint.

Reversed and remanded.

---

[2] Defendant also argues that plaintiff failed to state a claim because its complaint referred to "bicycle lanes" instead of "bicycle trails." ORS 366.514(5). However, plaintiff's reference to "bicycle lanes" sufficiently put defendant on notice about its alleged violation of ORS 366.514. ORCP 12.