Argued and submitted October 20, 1995, affirmed February 7, 1996

## William ETTINGER,
*Appellant,*

*v.*

## DENNY CHANCLER EQUIPMENT CO., INC.,
and David Long,
*Respondents.*

(93-2202-L-3; CA A86742)

910 P2d 420

Robert L. Chapman argued the cause for appellant. With him on the briefs was Black, Chapman, Webber & Stevens.

Thomas W. Brown argued the cause for respondents. With him on the brief were Christine B. Miller and Cosgrave, Vergeer & Kester.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

### HASELTON, J.

Plaintiff William Ettinger appeals from a judgment allowing partial summary judgment against his claims for negligence *per se* and "regulatory strict liability." ORCP 47; ORCP 67 B. We affirm.

The uncontroverted facts are as follows: On October 25, 1991, defendant David Long, a truck driver employed by defendant Denny Chancler Equipment Co., Inc., was driving a semi-truck loaded with logging equipment from California to Takilma, Oregon. Long's truck and load were 12 feet wide and 16 feet high. While still in northern California, Long telephoned the Oregon Department of Transportation Highway Division (ODOT) in Salem to apply for a permit for an oversized load pursuant to OAR 734-82-025, which provides:

> "Permits will be required for all vehicles or combinations of vehicles including any load, which exceeds 14 feet in height. Overheight permits will not be valid for loads or items placed or stacked one on top of another or overlapping. Overheight permits will be valid for a single trip only."

Based on his experience in hundreds of other trips, and on his conversation with ODOT personnel in this instance, Long understood that ODOT would check conditions on various state and county highways, designate a route that could accommodate his oversized load, and then transmit a permit specifying that route to Ashland, his port of entry. When Long picked up the permit in Ashland, it designated a route that included a section of Interstate 5 (I-5) near Central Point.

On the same day that ODOT issued the permit, plaintiff was working on the new Pine Street overpass on I-5 near Central Point. The overpass, which was still under construction, had a height clearance of only 14 feet. When Long drove under the overpass, the top of his load collided with the structure, causing plaintiff to fall to the freeway below, injuring his head, shoulder, and neck.

Plaintiff brought suit against defendants alleging claims for: (1) common law negligence, based on an alleged failure to keep a proper lookout and to maintain the truck under proper control; (2) negligence *per se*, for "failing to

perform duties imposed upon them by Oregon law, in violation of OAR 734-82-070(3)"; and (3) "regulatory strict liability," for violations of OAR 734-82-070(3) and (6). The parties filed cross-motions for partial summary judgment on plaintiff's negligence *per se* and strict liability claims. The thrust of defendants' arguments was that, as a matter of law, alleged violations of OAR 734-82-070 could not give rise to private tort liability. The trial court agreed with defendants, granted their motion, denied plaintiff's cross-motion, and entered judgment for defendants pursuant to ORCP 67 B.

On appeal, plaintiff reiterates his arguments that defendants' alleged violations of OAR 734-82-070(3) and (6) constituted negligence *per se* and triggered strict liability. Plaintiff contends that OAR 734-82-070(3) places responsibility for the determination of adequate clearance solely on the permittee and driver, so that Long's conduct in driving a 16-foot load into a 14-foot, 9-inch overpass clearance constituted negligence *per se*. OAR 734-82-070(3) provides:

> *"Full responsibility for determining adequate clearance, both vertical and horizontal, is hereby imposed upon the permittee and the driver of equipment having a width and/ or height in excess of the legal limit.* When the vertical or horizontal clearance of any bridge or structure is impaired to the extent that full two-way traffic cannot be maintained, the permittee shall provide a pilot vehicle whose duty shall be to prevent approaching vehicles from entering the bridge or structure while it is impaired by the movement covered by this permit." (Emphasis supplied.)

Plaintiff further contends that subsection (6) renders permittees strictly liable to any person injured because of the movement of oversize loads. Subsection (6) provides:

> *"Permittee shall also be held responsible and liable for any and all injury to persons or damage to property resulting from the movement on said highways, and shall indemnify and hold harmless the State of Oregon, and Oregon Transportation Commission, its members, officers, and employees, jointly and severally, from liability in the event that such injury or damage shall occur.* In this connection, the granting authority may require the permittee to furnish to the State Highway Division evidence of satisfactory public liability and property damage insurance, in amounts as may be required by the Commission, and evidence of satisfactory indemnity insurance indemnifying the State of Oregon and

its Transportation Commission, its members, officers, and employees, jointly or severally against liability in the event of any injury or accident occurring by reason of said permittee's operation on a state highway. This permit shall automatically terminate and be of no force and effect in the event that any insurance filed under this provision is canceled or is allowed to lapse." (Emphasis supplied.)

■ We note at the outset that this case involves the application of negligence *per se* and strict liability based on violations of an administrative regulation, rather than a statute. *See Shahtout v. Emco Garbage Co.*, 298 Or 598, 695 P2d 897 (1985) (rejecting negligence *per se* claim based on violation of workplace safety regulation). That application is proper so long as two conditions are satisfied. First, the regulation must, in fact, support a private right of action under the four-part test prescribed in *McAlpine v. Multnomah County*, 131 Or App 136, 883 P2d 869 (1994). Second, even if the regulation meets the *McAlpine* factors, its terms permitting the imposition of private liability must not be *ultra vires*.

■ In *McAlpine*, we held that, in order to state claims for negligence *per se* and statutory liability:

"Plaintiff must allege that (1) defendants violated a statute; (2) that plaintiff was injured as a result of that violation; (3) that plaintiff was a member of the class of persons meant to be protected by the statute; and (4) that the injury plaintiff suffered is of a type that the statute was enacted to prevent." 131 Or App at 144.

Assuming, without deciding, that plaintiff satisfied requirements (1), (2), and (4) of the *McAlpine* test, we conclude that, as a matter of law, plaintiff was not a member of the class of persons intended to be protected under OAR 734-87-070.[1] Consequently, plaintiff did not satisfy the third *McAlpine* requirement, and the trial court properly dismissed plaintiff's negligence *per se* and "statutory" liability claims.

In so concluding, we look first to the pertinent provisions of OAR 734-82-070:

---

[1] Because of the "matter of law" basis of our disposition, we need not, and do not, consider the significance of the 1995 amendments to ORCP 47 C.

"(3)   Full responsibility for determining adequate clearance, both vertical and horizontal, is hereby imposed upon the permittee and the driver of equipment having a width and/or height in excess of the legal limit[.]

"* * * * *

"(6)   Permittee shall also be held responsible and liable for any and all injury to persons or damage to property resulting from the movement on said highways, and shall indemnify and hold harmless the State of Oregon, and Oregon Transportation Commission, its members, officers, and employees, jointly and severally, from liability in the event that such injury or damage shall occur[.]"

From that language, it is not clear whether plaintiff falls within the class intended to be protected. That is, although the text states, "full responsibility * * * is hereby imposed" and "permittee shall also be held responsible," it does not specify *to whom* the permittee or driver shall be liable.

In answering that question, and, coincidentally, in determining whether the regulation is *ultra vires,* we look to ODOT's enabling statutes because an agency's powers are limited to those delegated to it by statute. *U. of O. Co-Oper. v. Dept. of Rev.,* 273 Or 539, 550, 542 P2d 900 (1975). Three are most pertinent: ORS 810.030, ORS 818.200, and ORS 813.340.

ORS 810.030 generally authorizes ODOT and other road authorities in the state to:

"(1)   [I]mpose restrictions described under this section on its own highways as [it] determines necessary to do any of the following:

"(a)   Protect any highway or section of highway from being unduly damaged.

"(b)   Protect the interest and safety of the general public.

"(2)   Restrictions that may be imposed under this section include any of the following:

"(a)   Prohibition of the operation of any or all vehicles or any class or kind of vehicle.

"(b)   Imposing limits on any weight or dimension of any vehicle or combination of vehicles.

"(c)  Imposing any other restrictions that the road authority determines necessary to achieve the purposes of this section. This paragraph does not grant authority to impose speed restrictions."

Thus, ORS 810.030, although broad, does not seem to contemplate civil liability any more than does any omnibus authorizing statute. ORS 818.200 and ORS 818.340 relate particularly to the issuance of variance permits and to liability for violations of such permits. ORS 818.200 provides:

"(1)  A road authority * * * may issue a variance permit if it determines the public interest will be served. A variance permit issued under this section may allow any vehicle * * * to move over any highway or street under the jurisdiction of the road authority without violation of any of the following:

"* * * * *

"(d)  Maximum size limits under ORS 818.090.[2]

"* * * * *

"(5)  *Violation of the conditions of the permit is subject to civil penalties as provided under ORS 818.410.*" (Emphasis supplied.)

ORS 818.340, entitled "Operating in violation of variance permit; civil liability; penalties[,]" provides, in part:

"(1)  A person commits the offense of operating in violation of a variance permit if the person has been issued a variance permit under ORS 818.200 that authorized the movement of anything and the person does any of the following:

"(a)  Drives, moves or operates anything in violation of the terms of the permit.

"* * * * *

"(4)  *Violation of the offense described in this section is subject to civil liability under ORS 818.410.*" (Emphasis supplied.)

Finally, ORS 818.410, entitled "Civil liability for certain violations[,]" provides, in part:

---

[2] ORS 818.090 provides that the unpermitted movement of vehicles exceeding the maximum size limits specified in ORS 818.080 is a violation subject to civil liability under ORS 818.410 and punishable under the schedule of penalties established in ORS 818.420. ORS 818.080, in turn, specifies a maximum height, including load, of 14 feet, and a maximum width of 8-1/2 feet.

"The owner and driver of anything using a state, county or city highway, street or bridge in violation of the sections described in this section *are jointly and severally liable to the state, county or city for all damage done as a result of the violation.* * * * This section applies to a violation of any of the following:

"* * * * *

"(12)   Operation in violation of variance permit under ORS 818.340." (Emphasis supplied.)

Thus, ORS 818.200, ORS 818.340, and ORS 818.410, collectively render permittees and drivers liable to government entities for damages caused by the movement of oversize loads. There is no suggestion in those statutes, or in any of the statutes pertaining to vehicle limits, that they contemplate private, as opposed to governmental, rights of action for alleged violations of variance permits. Indeed, those statutes compel a contrary conclusion. As ORS 818.410 demonstrates, when the legislature wants to authorize civil liability, it knows how to do so. It did so there — but only for governmental entities. *Accord Bob Godfrey Pontiac v. Roloff*, 291 Or 318, 337, 630 P2d 840 (1981) (where judicial recognition of private cause of action "might interfere with the total legislative scheme, courts should err on the side of non-intrusion").

ODOT's enabling statutes do not support private rights of action based on violations of maximum size restrictions. Construing OAR 734-82-070(3) and (6) consistently with ODOT's enabling statutes, specifically including ORS 818.410, we conclude that those rules pertain only to governmental, and not private, rights of action. Consequently, plaintiff is not within the class of persons protected by those rules.

Affirmed.