On respondent City of Astoria's motion for reconsideration filed August 9, reconsideration allowed; opinion (129 Or App 240, 878 P2d 1127) modified and adhered to as modified October 5, 1994, petition for review allowed January 24, 1995
(320 Or 507)
See later issue Oregon Reports

Marilyn Ann SCOVILL,
by and through the
Personal Representative of her Estate,
Naomi Scovill Hubbard,
*Appellant,*

*v.*

CITY OF ASTORIA,
a municipal corporation,
and James M. Guynup,
*Respondents.*

(90-2134; CA A75790)

882 P2d 1126

Janet M. Schroer and Hoffman, Hart & Wagner for motion.

No appearance *contra.*

426

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

---
* Richardson, C. J., *vice* Durham, J.

## DEITS, P. J.

Defendant city moves for reconsideration of our opinion, 129 Or App 240, 878 P2d 1127 (1994), pursuant to ORAP 6.25. It points out that we failed to address its cross-assignment of error. The city is correct, and the omission was unintentional.

The city cross-assigns error to the trial court's denial of the city's motion for a directed verdict in its favor on plaintiff's negligence claim. The city contends that plaintiff could not assert such a claim, because there is no common law right of action against a police officer for failing to take an intoxicated person into custody. Consequently, the city reasons, the officers' duty to the decedent here was wholly defined by ORS 426.450 to ORS 426.470. The city concludes that plaintiff's negligence allegations should not be tested against the general foreseeability analysis in *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987); rather, the claim has no vitality independent of plaintiff's statutory claim, because the statute serves as the source and definition of the officers' duty and a limitation on that duty. *See* 303 Or at 17.

We do not agree with the city that a negligence claim can never be predicated on the failure of a governmental official to meet the requisite standard of care in performing a responsibility that is established by a statute or ordinance. *Brennen v. City of Eugene*, 285 Or 401, 591 P2d 719 (1979), is to the opposite effect of the city's argument, and we read the discussion of *Brennen* in *Fazzolari*, 303 Or at 15, to approve that aspect of the court's reasoning in its earlier opinion.

Some of the city's arguments in support of the cross-assignment are implicitly and adversely answered by the discussion in our earlier opinion of other contentions by the city. We concluded there, for example, that the decedent was within a class that ORS 426.460 has the objective of protecting. 129 Or App at 244. Relatedly, we also rejected the city's argument that a failure by police officers to carry out the mandatory detention provisions of ORS 426.460 is insulated by the general rule in some other contexts that an intoxicated person cannot assert a claim against others for injuries resulting from the intoxication. 129 Or App at 244.

The city relies on *Bob Godfrey Pontiac v. Roloff*, 291 Or 318, 630 P2d 840 (1981), and similar cases, for the proposition that violation of a statutory standard should not be allowed to serve as the basis for a negligence claim, when no common law right of action existed independently of the statute. Assuming, without deciding, the correctness of that as a general proposition, the Supreme Court appears to have rejected it in situations, which we have held this is one, where the statute itself is construed as creating a cause of action. In *Nearing v. Weaver*, 295 Or 702, 670 P2d 137 (1983), the court appears to have recognized that the plaintiff could pursue negligence as an alternative theory to the statutory tort that it held the statutes there created. *See* 295 Or at 708-09, 712 n 9, 713; *see also* 295 Or at 716-17 (Jones, J., concurring) (even under *Roloff* rationale, "claim for relief for negligent failure to act is implicit in the legislation"). As we concluded in our original opinion, ORS 426.460 creates a right of action for essentially the same reason the statutes considered in *Nearing* were construed as doing so.

Reconsideration allowed; opinion modified and adhered to as modified.