Argued and submitted November 9, 1995, decision of the Court of Appeals and judgment of the circuit court affirmed in part and reversed in part; case remanded to the circuit court September 6, 1996

Marilyn Ann SCOVILL,
by and through the Personal
Representative of her Estate,
Naomi Scovill Hubbard,
*Respondent on Review,*

*v.*

CITY OF ASTORIA,
a municipal corporation,
*Petitioner on Review,*

*and*

James M. GUYNUP,
*Respondent.*

(CC 90-2134; CA A75790; SC S41871)

921 P2d 1312

Janet Schroer, of Hoffman, Hart & Wagner, Portland, argued the cause and filed the petition for petitioner on review.

Joseph A. Di Bartolomeo, of Patrick Lavis, P.C., Astoria, argued the cause and filed the brief for respondent on review.

Maureen Leonard, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association. With her on the brief was Kathryn H. Clarke.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

** Unis, J., retired June 30, 1996, and did not participate in this decision.

FADELEY, J.

## FADELEY, J.

In this tort case, Marilyn Scovill, while intoxicated, walked into a city street against a red light and was struck and killed by an oncoming vehicle. This case arises out of the fact that Scovill died just after leaving the City of Astoria's police station. The city is the defendant here because police officers employed by it failed to take Scovill into protective custody or to a treatment facility for the intoxicated, although they had an opportunity and, it is alleged, reasonable grounds to do so before she left the station.

At the time of Scovill's death, ORS 426.460(1) (1989), now numbered ORS 430.399, provided:

> "Any person who is intoxicated or under the influence of controlled substances in a public place *may* be taken or sent home or to a treatment facility by the police. *However, if* the person is incapacitated, the health of the person appears to be in immediate danger, or *the police have reasonable cause to believe the person is dangerous to self* or to any other person, *the person shall be taken* by the police *to an appropriate treatment facility*. A person *shall* be deemed incapacitated when in the opinion of the police officer or director of the treatment facility the person is unable to make a rational decision as to acceptance of assistance." (Emphasis added.)

Enactment of that statute established what the police *could* do and, in certain circumstances, were *required* to do. The statute said nothing, however, concerning what consequences could flow if the police failed to act.

When liability is the question, ORS 426.470 (1989), now numbered ORS 430.401, enacted simultaneously with ORS 426.460, is equally applicable text. It provides in part:

> "No peace officer * * * shall be held criminally or civilly liable *for actions pursuant to ORS 426.450 to 426.470* * * * provided the *actions* are in good faith, on probable cause and without malice." (Emphasis added.)

The significant issues in this case are two: (1) whether, notwithstanding ORS 426.470, a statutory tort arises from failure to follow the commands of ORS 426.460,[1] or

---

[1] This opinion uses the section number designations from Oregon Revised Statutes of 1989, which were in effect at the time that this case arose.

(2) whether that statute enacts a standard of care, the violation of which may constitute negligence *per se*. Both issues depend on interpretation of that statute. A third issue concerns an evidentiary ruling: Whether the trial court erred by excluding introduction of ORS 426.460 in evidence during the trial of plaintiff's common-law negligence claim.

Plaintiff, the personal representative of Scovill's estate, sought damages from the City of Astoria for Scovill's death. Plaintiff alleged three separate claims for relief against defendant. The first claim alleged common-law negligence based on reasonable foreseeability of the kind of harm that occurred. The second alleged a statutory tort, that is, failure to perform a duty imposed by ORS 426.460 to protect the decedent by taking her to a detoxification facility. The third claim alleged negligence *per se* for failure to exercise the standard of care allegedly established by ORS 426.460(1).[2]

The city moved to dismiss all of plaintiff's claims under ORCP 21 A(8), for failure to state facts sufficient to constitute a claim.[3] In support of its motion to dismiss, defendant argued, *inter alia*, that statutory "immunity" from liability was granted by ORS 426.470 in the context of this complaint and, therefore, that no facts were, or could be, alleged that would suffice to constitute a claim. The trial court dismissed plaintiff's claims for a statutory tort and for negligence *per se*, but sent the claim for common law negligence to trial. A jury rendered its verdict for defendant city.[4]

During trial of the first claim, for common-law negligence, plaintiff sought to introduce in evidence a copy of ORS 426.460 *et seq* and related implementing policies of

---

[2] Plaintiff also alleged a common-law negligence claim against the driver of the vehicle that struck Scovill. The trial court entered judgment on a jury verdict for that driver. The Court of Appeals affirmed. *Scovill v. City of Astoria*, 129 Or App 240, 246, 878 P2d 1127, *modified* 130 Or App 425, 882 P2d 1126 (1994). Plaintiff does not seek our review of that judgment.

[3] ORCP 21 A provides in part:

"[T]he following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim[.]"

[4] In this opinion, "defendant" refers to the City of Astoria.

defendant's police department. Although no statute, statutory duty, or statutory standard of care was alleged in plaintiff's first claim, plaintiff contended to the trial court that the statute established the standard of care applicable to the common-law negligence claim.[5] The trial court excluded that evidence, and, as noted, the jury returned a verdict for defendant. Judgment for defendant was entered on all claims.

Plaintiff appealed, assigning error to the dismissal of her second and third claims under ORCP 21. She also assigned error to the ruling excluding evidence of the provisions of ORS 426.460 *et seq*, during trial of the first claim. The Court of Appeals reversed the trial court's judgment for defendant as to all claims and remanded them—for a new trial on the first claim and for further proceedings on the second and third claims. *Scovill v. City of Astoria*, 129 Or App 240, 246, 878 P2d 1127, *modified* 130 Or App 425, 882 P2d 1126 (1994).

We allowed defendant's petition for review. We agree with the Court of Appeals, although for different reasons, as to the second claim, and remand it for further proceedings, but disagree as to the first and third claims, on which we affirm the judgment for defendant.

■ We turn first to the claims that were dismissed under ORCP 21 A(8). In *Stringer v. Car Data Systems, Inc.*, 314 Or 576, 584, 841 P2d 1183 (1992), this court described the rule applicable to our review of a dismissal under ORCP 21 A(8):

"[W]e accept all well-pleaded allegations of the complaint as true and give plaintiffs the benefit of all favorable inferences that may be drawn from the facts alleged." (Citation omitted.)

That is, "we determine only whether those facts are sufficient to constitute a claim." *Fuhrer v. Gearhart By The Sea, Inc.*, 306 Or 434, 436, 760 P2d 874 (1988). Under that rule, plaintiff alleged sufficient facts under the second claim, if ORS

---

[5] Plaintiff's first claim for relief does not mention a statute, statutory obligation, or statutory standard of care. Plaintiff's theory as to the first claim is negligence, predicated on the alleged reasonable foreseeability of harm resulting from failure of the police to take Scovill into protective custody and to detoxification.

426.460(1) and 426.470 support statutory tort liability, or under the third claim, if ORS 426.460(1) defines a standard of care that is actionable in negligence.

The third amended complaint alleged that a friend brought decedent, a chronic alcoholic with a history of interaction with local police, to defendant's police station. Decedent was visibly intoxicated and disoriented, such that she was unable to take care of herself. She recently had threatened violence toward herself and others. Decedent's friend advised the police of decedent's condition, of her threatening and destructive behavior, and of her need for medical help or detoxification.

The police observed decedent lying on the station floor, apparently unable to talk coherently. The police removed three butcher's knives from decedent's person. Decedent's friend left the station after the police assured the friend that decedent would be cared for and, if necessary, taken to a detoxification facility. The complaint alleged that the city police had decedent "under their supervision and control" but that, fully aware of the danger that decedent presented to herself or others, the police nonetheless allowed her to leave the station on her own. Whereupon, it is alleged, the police observed decedent walking from the station on a public sidewalk toward an intersection one block away and, from that point, against the light into a lane of traffic, where she was struck and killed.

Plaintiff's second claim realleged the facts alleged under the first claim and, additionally, alleged that the decedent was in a public place both at the police station and on the sidewalk; that the police knew that ORS 426.460(1) provided authority for them "to detoxify a person in a visibly intoxicated condition"; that defendant had an approved treatment facility or a facility for holding an intoxicated person; and that, based on ORS 426.460, the police should have hospitalized or otherwise detained and detoxified decedent in a treatment or other appropriate facility for her own safety. The second claim further alleged:

> "The Decedent was in such an intoxicated condition that she was at a risk to herself and others. Knowing said condition, the City of Astoria violated said statutory law,

resulting in the death of Marilyn Ann Scovill. The Decedent's death occurred because the City of Astoria's police officers failed to comply with ORS 426.450 [*sic, .460*]."

Plaintiff's third claim realleged all the allegations of the first and second claims, including references to ORS 426.460(1), and added:

"Based upon the allegations of this Complaint, the Defendant, City of Astoria, acting through it's [*sic*] police officers in the scope and course of their employment was negligent in failing to exercise reasonable care to detox the Decedent, when they knew, or in the exercise of reasonable care should have known that if she were left unsupervised, unattended, and not provided the benefits of detoxification, it could result in her death."

We take the allegations of the third claim just quoted, together with reallegation of the second claim relative to the statute, as alleging that the police negligently failed to exercise the level of care allegedly specified in the statute, *i.e.*, as alleging negligence *per se* based on a statutory standard of care.

We turn to an examination of ORS 426.460(1) and ORS 426.470 to determine whether, when read together, those statutes either (1) create a duty, the breach of which could be tortious to one harmed as a result of that breach, or (2) enacts a standard of care, violation of which would constitute negligence *per se*. Whether a statute creates a duty, or enacts a standard of care, is determined by discerning what the legislature intended.

That is, in interpreting ORS 426.460(1) and 426.470, this court seeks to discern the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Our analysis begins by looking at the text and context of those statutes, previously quoted, because they are the best evidence of the legislature's intent. *Ibid.*

The first sentence of ORS 426.460(1) provides that the police *may* take or send an intoxicated person home, or take or send an intoxicated person to a treatment facility. The statute confers *authority* to take any of those actions when police encounter a person who is intoxicated in a public

place. The use in the first sentence of the permissive verb "may" establishes that the actions are authorized, but are not required.

■     However, the second sentence of ORS 426.460(1) uses different words. That sentence contains three words that signal a contrast between the first and second sentences in the kind of direction that they provide to an officer who encounters a publicly intoxicated person. Two of the three words are "however" and "if." The legislature's use of "however" signals a shift from the effect of the first sentence and its permissive authority to act. The word "if" implies that applicability of the second sentence depends on the existence of one or more factual conditions or circumstances stated in that sentence. But, "if" a person encountered falls into any of the three statutory criteria stated in the second sentence,[6] the officer no longer has the option of deciding whether to act—an option that the word "may" provided in the first sentence—because the third word, "shall," then applies. The intoxicated person who meets one of the stated conditions "shall be taken" to an appropriate treatment facility. The second sentence mandates a course of action to the officer; the statute states a *duty* to act.[7]

However, the statutory duty created by the second sentence of ORS 426.460(1) does not stand alone. Relevant text is found in ORS 426.470, which states:

"No peace officer, treatment facility and staff, physician or judge shall be held criminally or civilly liable for *actions pursuant to* ORS 426.450 to 426.470 [now 430.397 to

---

[6] The statute's third sentence delineates a standard for determining whether a publicly intoxicated person is "incapacitated." A police officer is required to deem the publicly intoxicated person to be incapacitated if, in the officer's opinion, "the person is unable to make a rational decision" about whether to accept assistance.

[7] ORS 426.460(1) states standards for determining whether a publicly intoxicated person is dangerous to self or others. It provides in part:

"However, if * * * the police have reasonable cause to believe the person is dangerous to self * * * the person *shall be taken* by the police to an appropriate treatment facility." (Emphasis added.)

When, as is alleged here, there is such reasonable cause, the *duty* to act arises by force of the statute.

"Shall" in a statute ordinarily is mandatory. *Dika v. Dept. of Ins. and Finance*, 312 Or 106, 109, 817 P2d 287 (1991).

430.401] *provided the actions are in good faith, on probable cause and without malice.*" (Emphasis added.)

That statute's provisions apply to "*actions*" taken "pursuant" to the authority granted or the duty imposed by the prior section, provided that the actor acts in good faith, without malice, and with probable cause. ORS 426.460(1) and 426.470, taken together, impose a duty to protect and also limit liability for "actions pursuant" to the statutes to situations in which those actions also fit within one of the circumstances stated in ORS 426.470. Failure to act is not mentioned in ORS 426.470.

What is striking about the protection provided by ORS 426.470 is how limited its scope actually is. Read literally, the term "actions" and the statutory section references to which such actions are to be "pursuant" indicate that the provisions in ORS 426.470 concerning liability apply only when there are actions. The statute does not address *failure* to carry out the statutory duty. That is, ORS 426.470 declares that "actions" to send a person home or to take the person to a detoxification facility, and other actions arising therefrom, are actions for which an officer "shall [not] be held" liable, provided that those actions are in good faith, on probable cause, and without malice.

Other statutory provisions may inform our determination of legislative intent behind ORS 426.460(1) and ORS 426.470 as context for them. *PGE,* 317 Or at 610. That context supports the literal reading that we have given, above, to the text of those statutes.

Oregon Laws 1971, chapter 622, which enacted ORS 426.460 and ORS 426.470, also contained, as section 1 (now codified as ORS 430.315), a provision declaring:

"The Legislative Assembly finds alcoholism * * * is an illness. The alcoholic * * * is ill and *should be afforded treatment* for that illness." (Emphasis added.)

That act also contained a prohibition against any local ordinance or regulation making public drunkenness an offense. Or Laws 1971, ch 622, § 3. And, finally, the 1971 session also enacted a revised criminal code that no longer criminalized public drunkenness and which repealed such former laws. Or

Laws 1971, ch 743, § 432. *See State v. Okeke*, 304 Or 367, 370-71, 745 P2d 418 (1987), and *State v. Westlund*, 302 Or 225, 230, 729 P2d 541 (1986) (both so indicating).

In summary, the text and context of ORS 426.460(1) and ORS 426.470 disclose a legislative intent to impose on the police a statutory duty to act on behalf of a publicly intoxicated person who is a danger to self and further disclose that failure to act as mandated was contemplated by the legislature to give rise to a potential liability in tort in circumstances in which the limitations stated in ORS 426.470 do not apply.

Defendant's arguments against the foregoing literal interpretation do not persuade us. Defendant first argues that no breach of the duty to take a person coming within ORS 426.460(1) to a detoxification facility arises when the officer fails to act. That argument contends that the word "shall" in the second sentence of ORS 426.460(1) applies *only if* the police take the intoxicated person into custody. Under that interpretation of the statute, the mandatory words of the statute would not apply to defendant in the present case, because the officers did not so act.

When one compares the text of subsection (1) only with certain other statutes, such as that in *Nearing v. Weaver*, 295 Or 702, 670 P2d 137 (1983), the issue of whether there is an omission in ORS 426.460(1) concerning failure to act in accordance with that statute's direction appears arguable, because that statute does not mandate either "arrest" or "custody." On the other hand, the text of the second sentence of that statute does not appear to exhibit an omission. It states a complete thought. If any condition stated therein is present, the person "shall be taken" to a facility. Unlike the first sentence of ORS 426.460(1), which grants officers discretion whether to act, the second sentence leaves no such room. The text of ORS 426.460(1) does not support defendant's argument.

Defendant also argues that, under the statutory construction methodology adopted in *PGE*, we should hold that no statutory tort can arise unless this court can hold that the legislature *expressly* intended that a tort remedy would arise from breach of a duty created or imposed by statute. We

reject that argument because, as we believe our discussion above has made clear, the legislature *did* contemplate that there could be liability in connection with the authority and duty to take the actions referred to in ORS 426.460(1) and ORS 426.470. Moreover, no such change in substantive law follows from the *PGE* case.[8]

■ Defendant's third argument is that defendant is immune under ORS 426.470 for any breach of a duty stated in ORS 426.460(1). As we already have indicated, ORS 426.470 does not cover breaches of duty that arise out of failures to act.

■ Defendant's final argument against recognizing a statutory tort under the second claim—that no tort liability is possible when plaintiff's "voluntary intoxication" produces the harm—is not applicable in relation to ORS 426.460(1), which makes the degree of impairment by intoxication a source of the duty to protect. A statute premised on protecting the intoxicated cannot be turned aside by the fact of intoxication.

Although defendant's arguments fail, that does not yet answer the question whether a statutory tort based on ORS 426.460(1) should be recognized in this case. We turn to that question.

■ In the tort field, whether a statute that imposes a duty also gives rise to a tort claim for breach of that duty is · generally a matter for court decision.[9] Under what circumstances do the Oregon courts recognize that a tort claim may be predicated on a duty imposed by statute?

---

[8] *PGE* established a methodology as part of the law of statutory construction, not a change in substantive tort law. Rejection of defendant's argument on its merits for the reason stated should not be read as an endorsement of its premise that *PGE* created a fundamental, substantial shift in Oregon law.

[9] The Court of Appeals concluded that the ORCP 21 issues involving dismissal of the second (statutory tort) and third (negligence *per se*) claims are governed by this court's decision in *Nearing v. Weaver*, 295 Or 702, 670 P2d 137 (1983). *Scovill*, 129 Or App at 244.

Sometimes a statute expressly includes a statement that a civil action may be maintained for damages suffered by a violation of a statutory duty. For example, ORS 30.780 provides that those who violate criminal statutes regulating gambling "shall be liable in a civil suit for all damages occasioned thereby," even though there also is a criminal penalty for the violation. Conversely, the legislature could provide expressly that there be no claim available to one damaged by the breach of

■■   One place to start a discussion of that question is with the provisions of *Restatement (Second) of Torts*, § 874A (1979), entitled "Tort Liability for Violation of Legislative Provision," which this court quoted with approval in *Bob Godfrey Pontiac v. Roloff*, 291 Or 318, 330, 630 P2d 840 (1981). That section provides:

> "When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action."

As comment (c) to section 874A indicates, the question of whether a tort remedy is needed to enforce a statutory duty may be affected by the fact that a specific remedy, such as a civil penalty, is provided by a statute. The statute before us does not require giving any weight to that consideration, however, because there is no alternate remedy provided by the statute for intoxicated persons with respect to whom there are reasonable grounds to believe that they are a danger to themselves and who, therefore, "shall be taken" to an appropriate facility.

■   Therefore, recognition of a statutory tort is governed by the weight that a court finds reasonable to give to the protective purpose spelled out in the legislation. Under those circumstances, *Restatement* comment (d) suggests that

---

a specific duty imposed by a specific statute. The statutes at issue in this case provide no such clarification.

However, the law waiving sovereign immunity having been enacted four years earlier by Oregon Laws 1967, chapter 627, the legislature was aware when it enacted ORS 426.460(1) and ORS 426.470 that the government could commit a tort for which it would be legally responsible. The Oregon Tort Claims Act defines a tort, for purposes of that law, as a breach of a legal duty that is imposed by law, other than a contract, which results in injury to a specific person. But that definition also specifies that, to be tortious, the injury to person or persons is to be one "for which the law provides a civil right of action for damages or for a protective remedy." ORS 30.260(8). Thus, that definitional statute leaves open the question whether "the law provides a civil right of action." That remains the major issue in this case.

"the question of what it should do still remains before the court. It must decide this question on its own because there is no automatic answer depending entirely upon a finding of an objective fact.

"* * * * *

"* * * [I]t is the court itself that is according the civil remedy to the injured party. The action is in furtherance of the purpose of the legislation and is stimulated by it * * *."

Permitting a tort action in the circumstances alleged in this case is consistent with and serves to enforce the legislated duty imposed by ORS 426.460(1), which does not specify other means for its enforcement.

Our case law also supports that result where, as here, a statute imposes a duty to protect a specified group of persons. In *Nelson v. Lane County*, 304 Or 97, 107, 743 P2d 692 (1987), this court stated:

"[W]e have recognized 'statutory tort' duties in contexts where no common law duty exists but where a statute or ordinance created a special duty owed by a defendant to a plaintiff, usually arising from the status of the parties or the relationship between them. *See Cain v. Rijken*, 300 Or 706, 717 P2d 140 (1986) (statute governing commitment and release of patients imposed a duty on hospital serving as a community health provider to use reasonable care to protect the public); *Chartrand v. Coos Bay Tavern*, 298 Or 689, 696 P2d 513 (1985) (recognizing tort recovery under statute implicitly creating civil liability of tavern owner for injuries caused by visibly intoxicated patrons) [and citing additional cases]."[10]

Our cases discussing ORS 426.460, *Okeke*, and *West lund*, further demonstrate that the legislature imposed the duty that the police take the statutorily mandated action to

---

[10] ORS 133.055(2) (1977), the statute construed in *Nearing*, stated in part:

"[W]hen a peace officer is at the scene of a domestic disturbance and he has probable cause to believe that an assault has occurred * * * or * * * [the alleged or potential assailant] has placed the other in fear of imminent serious bodily injury, and unless the victim objects, he *shall arrest and take into custody* the alleged assailant or potential assailant." (Emphasis added.)

In *State v. Newman*, 292 Or 216, 224, 637 P2d 143 (1981), *cert den* 457 US 1111 (1982), this court pointed out that ORS 426.460 does not create an "arrest" situation, given that public intoxication is not a crime or offense.

protect persons in decedent's position. That is, when a publicly intoxicated person meets a condition set out in the second sentence of ORS 426.460(1), as it is alleged that decedent did, that person "shall be taken to" an appropriate facility. The legislature clearly intended to protect intoxicated persons who, like decedent, are a danger to themselves. It enacted a statute that defines the persons to whom the police owe the duty of protection and the harm (to self) that is to be prevented. The statute directs the action to be taken to prevent that harm, actions that the police allegedly failed to take. Failure to carry out the responsibilities so imposed gives rise to a statutory tort claim. The Court of Appeals correctly reversed the trial court's judgment of dismissal on the second claim.

The third claim also relies on the statute, as the source of applicable law, albeit on a theory that is different than that of the second, "statutory tort," claim. The negligence *per se* theory of the third claim posits that the statute establishes a standard of care against which failure of the police to act in these circumstances is to be measured in negligence. *See Miller v. City of Portland*, 288 Or 271, 276-77, 604 P2d 1261 (1980) (discussing function of negligence *per se*); *Shahtout v. Emco Garbage Co.*, 298 Or 598, 695 P2d 897 (1985) (governmental safety rule as example of negligence *per se*).

ORS 426.460(1), as interpreted above, creates and imposes only a duty to act as it provides.[11] It does not create a standard of care and, therefore, plaintiff's negligence *per se* claim is without foundation in that statute. Accordingly, the Court of Appeals erred when it reversed the trial court's ORCP 21 A(8) ruling dismissing the third claim.

In reversing the judgment on the verdict for defendant on plaintiff's first (common-law negligence) claim, the Court of Appeals indicated that plaintiff's purpose in seeking

---

[11] *See* Caroline Forell, *The Statutory Duty Action in Tort: A Statutory / Common Law Hybrid*, 23 Ind L Rev 781 (1990) (using a system of labels, including "focus," to identify different kinds of statutes in tort law); Caroline Forell, *The Interrelationship of Statutes and Tort Actions*, 66 Or L Rev 219 (1987) (same). We think that ORS 426.460 is focused on protecting persons in decedent's alleged condition.

to *introduce the statute as evidence* was to establish either a duty or a standard of care based on the statute, even though that claim contained no specification of negligence that echoed, paralleled, or relied on any statutory standard. That court held that the statute should have been admitted in evidence as bearing on a statutorily required standard of care, citing *Shahtout*, 298 Or at 601. 129 Or App at 246.

Allowing evidence of the provisions of ORS 426.460 to be placed before the jury as proof of a special statutory standard of care in the trial of the first claim for relief would have transformed the theory of that claim from that established under the pleadings—reasonable foreseeability of harm—to the negligence *per se* theory alleged in the third claim for relief. It would have added a specification of negligence to the first claim that plaintiff did not plead in that claim.

■ Negligence based on the foreseeability of harm and *per se* negligence based on a statutory standard are not the same, as this court explained in *Bellikka v. Green*, 306 Or 630, 762 P2d 997 (1988).[12] *See Chartrand v. Coos Bay Tavern*, 298 Or 689, 695, 696 P2d 513 (1985) (detailing the three theories available). In any event, *Shahtout* calls for a jury instruction based on the statutory standard of care; it does not call for admitting the statute in evidence. 298 Or at 606. The trial court did not err by excluding evidence of ORS 426.460(1), and the jury's verdict on the first claim may not be disturbed on that account. The Court of Appeals erred in reaching a contrary conclusion.

-----

[12] There, this court stated:

"Statutory law may be important in several ways. This court has recognized that there are instances where the legislature has, in effect, created a tort. Such statutory torts exist independent of any parallel common-law claim and can be pleaded independently, with or without an accompanying common-law claim.

"Even where a statutory tort is not available, * * * the violation of the statute can be pled as a fact to establish negligence per se. This is true whether or not the statute provides for recovery of damages.

"A statute can be used to establish the proper standard of care, and to show that the defendant met or failed to meet this standard." *Bellikka*, 306 Or at 650 (citations omitted).

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part. The case is remanded to the circuit court for further proceedings on the second claim of the third amended complaint.