WALTERS, J.,
concurring.
ORS 243.303(2) requires defendant to make available to its retirees, such as plaintiffs, the same health insurance coverage that it makes available to its current employees. I agree with the court that plaintiffs have a right to bring a claim for damages against defendant for its failure to fulfill that statutory duty. Doyle v. City of Medford, 356 Or 336, 373-74, 337 P3d 797 (2014). I disagree, however, with the court’s conclusion that plaintiffs’ claim should be analyzed and adjudicated as a claim under the Declaratory Judgments Act. In my view, this court instead should recognize, in accordance with its prior case law and Restatement (Second) of Torts section 874A comment h (1979), that *384 plaintiffs have a tort claim for damages and analyze and adjudicate plaintiffs’ claim as such.
In analyzing and adjudicating a tort claim for damages, a court may be called on to decide the elements of the claim, the applicable defenses, and the cognizable damages. Courts have considered those questions for decades, if not eons, and have used myriad tort principles to decide them. In contrast, although the Declaratory Judgments Act provides remedies for statutory violations and permits a court that grants declaratory relief to grant supplemental relief, including monetary damages, a claim under the Declaratory Judgments Act is not a tort claim governed by tort principles. Thus, when proceeding under the Declaratory Judgments Act, a court that must decide the elements of a plaintiffs claim, the applicable defenses, and the cognizable damages does not have the guidance that tort principles provide. In this case, I do not see a good reason to conclude that plaintiffs’ claim seeking monetary damages for a violation of ORS 243.303(2) must be analyzed and adjudicated under the Declaratory Judgments Act rather than as a tort claim.
One of the principal reasons that the court abjures a tort claim in this case is that it is unwilling to decide what “mental state” the tort would require. 356 Or at 370. The court ponders whether a tort claim for a violation of ORS 243.303(2) would be a claim for “strict liability” or “negligence” and whether a plaintiff would be required to prove that the defendant acted intentionally or unreasonably. Id. Those are important questions, but it is unclear why the court decides that they weigh against the creation of a tort. Those questions remain; the court cannot avoid them by classifying plaintiffs’ claim as a claim under the Declaratory Judgments Act. A court adjudicating plaintiffs’ claim under the Declaratory Judgments Act will be required to decide whether the city violated ORS 243.303(2) when it declined to make health care coverage available to plaintiffs. If resolution of that question requires an analysis of the city’s mental state, then that analysis is required whether the claim sounds in tort or as a claim for declaratory judgment.
Moreover, the questions that the court raises about the elements of a claim for a violation of ORS 243.303(2), *385 including the requisite “mental state,” are readily answered by this court’s tort law jurisprudence. In cases in which the court has considered the elements of torts claims for violating statutorily imposed duties, the court has looked for instruction to the statute imposing the duty.
For example, in Nearing v. Weaver, 295 Or 702, 670 P2d 137 (1983), the plaintiffs alleged that the husband violated a restraining order, that the wife reported that violation to the defendant, who was a police officer, and that the defendant refused to arrest the husband in breach of a statutory requirement. Id. at 704-06. The court acknowledged that the plaintiffs had not alleged a violation of “an ordinary common law duty of due care to avoid predictable harm to another.” Id. at 707. Rather, the plaintiffs had alleged the violation of “a specific duty imposed by statute for the benefit of individuals previously identified by a judicial order.” Id. The court held that the plaintiffs’ complaint was sufficient to plead “an infringement by [the] defendants of a legal right arising independently of the ordinary tort elements of a negligence action.” Id. The court went on to explain that, although the plaintiffs had described their claim to the trial court as a claim for the negligent performance of duty, they had not used that label in their complaint, nor were they required to do so: The duty, the court explained, “arises from the statute coupled with the court order.” Id. at 708. The plaintiffs’ reference to negligence was “immaterial” to the defendants’ liability, “because the result would not be different if defendants had acted, or failed to act, willfully or intentionally or with some other state of mind.” Id. In an actionable claim for breach of a statutory duty, the plaintiff need prove only the statutory duty and its violation; the plaintiff need not prove that the defendant failed to take reasonable care or that the harm that occurred was foreseeable. Id. at 708-09.[1]
The court adhered to that reasoning in Chartrand v. Coos Bay Tavern, 298 Or 689, 696 P2d 513 (1985), when it *386 recognized that the plaintiff could proceed on both a common-law negligence theory and on a theory that the defendant had violated a statute prohibiting service of alcoholic beverages to a visibly intoxicated patron. The court explained:
“Thus, a plaintiff protected by such a statute need not resort to any concepts of negligence. Negligence is irrelevant. The sole question is whether the defendant engaged in acts prohibited by the statute and whether the violation of the statute resulted in injury.”
Id. at 696; see also Davis v. Campbell, 327 Or 584, 592, 965 P2d 1017 (1998) (holding that the common-law standard for negligence “says nothing about whether the legislature intended that legal standard to apply to a statutory claim under the RLTA”) (citation omitted); Gattman v. Favro, 306 Or 11, 15, 757 P2d 402 (1988) (“[I]f a statutory tort is created, foreseeability may be immaterial or has been determined by the legislature.”).
Similarly, in this case, if this court were to recognize that plaintiffs have a tort claim for violation of ORS 243.303(2), then plaintiffs’ claim should be viewed not as a claim for negligence, nor as a claim that the city acted “willfully or intentionally or with some other state of mind.” Instead, plaintiffs’ claim is a claim that the city violated the statute and that plaintiffs suffered damages as a result. Because plaintiffs pleaded those necessary facts, their pleading is sufficient.
The court takes a different view and discounts Nearing and Chartrand, because, in those cases, the court did not create a tort claim. Instead, the court implied a legislative intent to create tort claims from the terms of the applicable statutes.[2] But whether a court creates or implies *387 a tort claim does not determine the elements of such claim. Whether the legislature or the court is the source of the tort remedy, it is the statute, and the legislature that enacts it, that imposes the applicable duty. And it is that duty that a court looks to in defining the elements of the tort claim. Whether the legislature or the court creates or recognizes a tort remedy, the statutory obligation is the same and there is no reason that the elements of the claim should depend on the source of the remedy.[3] Said another way, if this court had implied from the terms of ORS 243.303(2) a legislative intent to permit a tort claim for damages, the court would have had no difficulty defining the elements of such a claim. It would have required plaintiffs to allege and prove that “defendant engaged in acts prohibited by the statute” and that they suffered injury as a result.[4] The result should be *388 no different if the court instead determined that a tort claim for damages would be “consistent with the statute, appropriate for promoting its policy and needed to ensure its effectiveness.”[5] Restatement at § 874A comment h.
Scovill is illustrative. In Scovill, the court stated two different rationales for its conclusion that the plaintiff had a tort remedy for violation of ORS 426.460(1) (1989): that the legislature intended that remedy and that the court would recognize that remedy. Scovill, 324 Or at 169-73. Under either rationale, however, the elements of the plaintiffs claim were the same: that defendant violated the statute by allowing the decedent to leave the police station and that the decedent was injured as a result. Id. at 166-67. It is the statutory duty that determines the elements of the tort claim, not whether the legislature intended or the court created the remedy.
In determining whether to recognize a tort claim for damages in this case, the court should have considered whether such a claim would be consistent with ORS 243.303(2), appropriate for promoting its policy, and needed to ensure its effectiveness. Restatement at § 874A comment h. The court should not have become distracted by a need to label the claim or determine its elements, including its requisite “mental state.” The latter issues are, at this stage, easily resolved by focusing on the statute at issue and the duty it imposes.
A. Consideration of the Restatement Factors
When correctly applied, the six nonexclusive Restatement factors designed to assist courts in considering whether to recognize a tort remedy for violation of ORS *389 243.303(2) weigh in favor of judicial recognition.[6]1 will discuss each in order.
1. Nature of the Statutory Duty
The first Restatement factor is the nature of the statutory duty:
“Does [the statute] clearly let both the court and the actor know in advance what conduct is prohibited? Or is it posed in broad, general terms that will acquire specific meaning only if — and after — the court has determined to supply the tort remedy and expressed it for the benefit of the persons being affected?”
Restatement at § 874A comment h(l). This factor asks whether the statute at issue sufficiently notifies the court and potential defendants of the risk of liability.
In this case, the court recognizes that “the city’s duty under ORS 243.303(2) is specific: The city shall provide health insurance to retirees on the same basis as provided to current employees.” 356 Or at 369 (emphasis in original). The court then notes that the statute qualifies that specific and mandatory duty with the phrase “insofar as and to the extent possible” and that that qualification makes the “standard of conduct less certain.” Id. But whether a statutory standard of conduct is “less certain” than it theoretically could be does not address whether the statutory duty is sufficiently certain to satisfy the first Restatement factor. The court does not engage in that analysis. Instead, the court questions whether plaintiffs’ claim comports with “any existing tort claim.” Id. at 370. Because plaintiffs do not label the tort claim that they seek to bring except as a “violation of ORS 243.303,” the court expresses concern about the elements of the claim that the court would recognize and the “mental state” that it would “supply.” Id. (citing Burnette v. *390 Wahl, 284 Or 705, 711-12, 588 P2d 1105 (1978)).[7] Based on that analysis, the majority finds that the first Restatement factor weighs against the creation of a tort.
The court’s analysis is off-base in two different directions. First, the court incorrectly assumes that it can recognize only common-law tort claims that comport with existing torts. Second, the court does not address the question actually posed by the first Restatement factor — whether the statutory duty at issue is sufficiently specific to be enforceable in a private right of action.
As to the first bar that the court raises, it should not be at all surprising that plaintiffs “have not identified any existing tort that comports with their pleaded theory.” Id. If plaintiffs could identify such a tort, they would not need to ask this court for assistance. In each instance in which a plaintiff asks this court to recognize or create a private right of action for damages based on the breach of a statutory duty, it is the statute that the plaintiff seeks to enforce that establishes the nature of that duty and the elements of the plaintiff’s claim. Thus, this court has held, “[0]ne who violates a statute enacted for protection of others may be civilly liable in damages for injuring the protected interest even when there is no corresponding common law basis of recovery.” Cain v. Rijken, 300 Or 706, 715-16, 717 P2d 140 (1986).
In this case, plaintiffs, like the plaintiffs in Nearing and Chartrand, pleaded that defendant violated an Oregon statute and that plaintiffs suffered damages as a result. The fact that plaintiffs did not reference or incorporate additional elements of existing torts does not mean that the statute at issue is insufficiently clear to permit a tort remedy. The correct question for analysis is whether the duty imposed by *391 ORS 243.303(2) is sufficiently specific that a tort claim is an appropriate means of enforcement.
The court’s second error is in its consideration of that question. The statutory duty at issue is the duty to provide health insurance to retirees on the same basis as provided to current employees. ORS 243.303(2). That duty is subject to an affirmative defense — “that it was not possible, under the statutory standard, to make coverage available to retirees.” Doyle v. City of Medford, 347 Or 564, 579, 227 P3d 683 (2010). The court does not take the position that that defense makes the statutory duty so general that it does not give rise to an action for damages. In fact, the court acknowledges that that duty is actionable under the Declaratory Judgments Act, and correctly so.
In other cases, this court has considered statutory duties that are more general than the duty imposed by ORS 243.303(2) and statutory duties that are subject to affirmative defenses and has concluded that those duties permit tort remedies. For instance, in Cain, the court considered a statutory duty to “act reasonably in treating and controlling conditionally released patients,” 300 Or at 721, and the statutory duty at issue in Nearing is subject to affirmative defenses, 295 Or at 709. In both cases, the court held that the legislatively created duties gave rise to tort claims.
In Nearing, a police officer had a statutory obligation to arrest a person if the officer had probable cause to believe that the person had violated a restraining order. 295 Or at 710. Thus, whether the officer had an obligation to act depended on the officer’s determination of “probable cause.” Id. Nevertheless, the court held that relevant statutes “identify with precision when, to whom, and under what circumstances” the police must arrest a person. Id. at 712. Further, the court noted that there could be various defenses to a plaintiffs claim that an officer had violated those statutes and that an officer “would not be liable, for instance, for failing to make an unconstitutional arrest.” Id. at 709. However, the court went on to explain, the fact that a defense could be asserted did not preclude a civil action to enforce the statutory duty. Id.
*392 Just as the availability of an affirmative defense did not preclude a tort claim for damages in Nearing, the availability of an affirmative defense should not preclude a similar claim here. It was the legislature that imposed the statutory duty in both cases. And if the legislature deemed the duty at issue in Nearing sufficiently certain to give rise to tort liability, I do not see why this court should hesitate to do likewise when it considers the clarity of the duty imposed by ORS 243.303(2).
I also wonder how that statutory duty can be sufficiently certain to give rise to a remedy for monetary damages under the Declaratory Judgments Act, but not sufficiently certain to permit the same tort remedy. Perhaps the court gleans from the Declaratory Judgments Act a legislative intent to permit an award of monetary damages for violation of ORS 243.303(2) regardless of that statute’s specificity or lack of clarity. However, if the court’s decision rests on its recognition of legislative intent, then the court should not hesitate to give effect to that intent by recognizing a damages remedy in tort.
By requiring local governments to make available to retirees the same health insurance benefits that they make available to current employees, ORS 243.303(2) specifically advises the court and potential defendants what conduct is required. The first Restatement factor weighs in favor of recognizing a tort remedy for violation of that statutory duty.
2. Adequacy of Existing Remedies
The second factor identified in Restatement § 874A is:
“What other remedies are available in the court’s repertoire and how effective will they be? Will a declaratory judgment or the granting of an injunction prove better than the damage remedy because it is easier to administer or more effective?”
Restatement at § 874A comment h(2).
The court concludes that, “[b]ecause declaratory relief would be effective to redress the injuries that plaintiffs assert (including the right to damages for past statutory violations), the adequacy of such relief disfavors the provision *393 of an additional common-law claim for relief sounding in tort.” 356 Or at 373-74. That does not answer the question that the Restatement poses. The Restatement asks whether declaratory judgment or injunctive relief will prove better than a damages remedy, indicating that the drafters of the Restatement considered an action for a declaratory judgment to be a claim seeking only a declaration of the rights or duties of the parties and not a claim for monetary relief. If the Restatement’s reference to “declaratory judgment” were intended to include a judgment for monetary damages, then the question would not make sense. It would ask, in effect, whether a damages remedy would “prove better” than a damages remedy.
In this case, if the second Restatement factor is understood as asking whether a declaration of rights or duties would better effectuate the purpose of ORS 243.303(2) than a damages remedy, the answer to the question is an obvious no. Declaratory or injunctive relief would not be sufficient to effectuate the policy behind that statute — to protect local government retirees from the cost of independently obtaining health insurance. The pecuniary nature of the interest protected by the statute suggests that a damages remedy is appropriate. The court appears to agree, but concludes that the second Restatement factor weighs against plaintiffs, based on its view that plaintiffs can recover their costs by means of a claim under the Declaratory Judgments Act. That is not, however, the analysis that the Restatement contemplates, and it is not a convincing reason to refuse to recognize the existence of a common-law tort claim.[8]
To the contrary, judicial recognition of a tort claim provides a better vehicle for a claim for money damages than does the Declaratory Judgments Act. A court may use familiar concepts to determine the elements of a tort claim, the available defenses, and the cognizable damages, among other issues. A court will confront those same issues in considering a claim under the Declaratory Judgments Act but *394 will not have the benefit of developed tort law in considering them.
That is, of course, unless the court intends to use tort principles to decide issues raised under the Declaratory Judgments Act. That that may, in fact, be the court’s intent is apparent from the court’s analysis of the recoverable damages in this case. The Declaratory Judgments Act permits a court to award supplemental relief “whenever necessary or proper.” ORS 28.080. The court notes, correctly, that such supplemental relief may include “cognizable damages,” 356 Or at 373, and that those “cognizable damages” include “economic damages for the cost of obtaining substitute health insurance,” id. Although the court does not state the basis for that conclusion in that part of its opinion, the court later addresses the damages that plaintiffs could recover if the court were to recognize their claims as a tort claim. Id. at 375-76. There, the court explains that permitting plaintiffs to recover damages for their psychic injuries would require an extension of current tort law. Id. at 376. If the court means to imply that the damages that plaintiffs may recover under the Declaratory Judgments Act are defined by reference to tort law and similarly intends to look to tort law for the answers to other questions necessary to adjudicate plaintiffs’ claims, I fail to see why a remedy under the Declaratory Judgments Act proves better than a tort remedy. Refusing to call plaintiffs’ claim a tort but expecting courts to incorporate tort principles introduces unnecessary confusion.
3. Other Means of Enforcement
I agree with the court’s conclusion that judicial recognition of a tort claim for damages would not interfere with any other vehicle for enforcement of the city’s duty under ORS 243.303(2). 356 Or at 374.1 also agree that that third Restatement factor favors plaintiffs. Id.
4. The Significance of the Purpose the Legislature Seeks to Effectuate
I agree with the court’s conclusion that a local government’s statutory duty to provide health care benefits to retirees on the same basis that it provides those benefits *395 to current employees is important. Id. at 374-75. When it amended ORS 243.303(2), the legislature deliberately made that duty mandatory rather than permissive. Although the legislature also permitted local governments to demonstrate impossibility of compliance as an affirmative defense, that defense does not make the duty it imposed any less important. The fourth Restatement factor favors plaintiffs.
5. Extent of Change in Law
The fifth Restatement factor poses the following two questions:
“How drastic is the change from established law? How near is the factual situation before the court to an existing tort?”
Restatement at § 874A comment h(5). When assessing that factor, the court changes the questions and undertakes an analysis of whether allowing plaintiffs to recover noneco-nomic damages would require a change in existing law. 356 Or at 375-76. The fifth Restatement factor focuses on the nature of the claim that the court is asked to recognize, not on the extent of the damages that the plaintiff may be entitled to recover. The court recognizes as much when it states that, “[o]f course, noneconomic damages are a type of remedy, not a claim for relief. Therefore, this court could create a tort claim that would permit the recovery of economic damages alone if it were appropriate and necessary to do so.” Id. at 376 (emphasis in original).[9]
Thus, when properly understood, the fifth Restatement factor also weighs in favor of plaintiffs. As explained at the outset, this court has recognized tort claims for the breach of specific statutory duties and, as the court concludes, permits a claim for violation of such duties under the Declaratory Judgments Act. If this court were to recognize a tort claim for breach of the duty established by ORS 243.303(2), the change in the law would not be drastic. *396 There could be an issue, if appropriately and timely raised, of the type of damages available for such a claim. However, the fact that plaintiffs prayed for damages that may have been subject to a motion to strike is not a basis for deciding that plaintiffs have no tort remedy for a violation of ORS 243.303(2).
6. The Burden that the New Claim Will Place on the Judiciary
I agree with the court that the judicial recognition of a tort action would not place a burden on the courts that should weigh against plaintiffs in this case. 356 Or at 376.
B. Determining Whether to Recognize a Damages Remedy
When correctly analyzed, all of the Restatement factors weigh in favor of judicial recognition of a tort remedy for damages: Such a tort claim for damages is consistent with the statute, appropriate for promoting its policy, and needed to ensure its effectiveness. Although I agree with the court that plaintiffs are entitled to seek damages for a violation of ORS 243.303(2), I would embrace tort principles to reach that conclusion and to decide the other issues that such a claim may present.
Baldwin, J., joins in this concurring opinion.

 That does not mean, however, that such claims are claims of “strict” liability. The court explained in Nearing that the fact that a statute that imposes a mandatory obligation does “not mean that the obligation creates absolute liability for resulting harm.” Nearing, 295 Or at 709. That is because various defenses may be available.

 The court emphasizes that, in.Nearing, the claim that the court recognized was implied from the statute’s text and context. 356 Or at 378-79. However, Nearing includes no discussion of whether the legislature intended to create a statutory claim. Instead, the court explained its result by stating that it had, in the past, recognized “‘common law liability for psychic injury alone when defendant’s conduct * * * infringed some legally protected interest apart from causing the claimed distress, even when only negligently.’” Nearing, 295 Or at 706 (emphasis added; quoting Norwest, By & Through Crain v. Presbyterian Intercommunity Hosp., 293 Or 543, 558-59, 652 P2d 318 (1982)). The court then decided that similar liability should be extended in the case at hand because the legislature had imposed “a specific duty” for the benefit of a class of individuals that includes *387 plaintiffs. 295 Or at 707. What is important to me is not whether this court is correct in describing the source of the claim that the court recognized in Nearing, but how the court in Nearing determined the elements of that claim — by looking to the statute that imposed the duty. Similarly, in Scovill By & Through Hubbard v. City of Astoria, 324 Or 159, 921 P2d 1312 (1996), the source of the tort claim was immaterial in deciding the elements of the claim. The court concluded both that the legislature intended a tort remedy and that the court would create one; the source of the claim did not determine its elements. Id. at 166-67.

 When the legislature creates a statutory duty without expressly providing a remedy, a court nevertheless may allow a tort claim by (1) implying a claim from the statute’s text, context, and legislative history or (2) concluding that a claim is necessary, appropriate, and consistent with the statute. The two means of arriving at the end are not so different. When a court creates a tort claim, it does judicially what it thinks the legislature would have done had it considered the issue. Thus, similar factors are at play when a court decides whether to imply legislative intent to create a tort remedy or whether to recognize a tort remedy judicially. One court may take the analysis as indicating an implied legislative intent to create a tort remedy; another may take it as indicating grounds for judicial recognition of a tort remedy. It is intellectually satisfying to accurately describe the path that the court takes to the tort remedy, but we should not let boxes and labels do too much of the work of the court.
When the legislature imposes a specific duty for the benefit of a specific class of persons that includes the plaintiffs, and the applicable factors indicate that a tort claim is appropriate, necessary, and consistent with the statute, we conclude that we should be no more loath to create a remedy for a violation of the statute than we are when we imply a legislative intent to create a remedy. In both instances, the legislature has failed to expressly create a remedy. In both instances, the court appropriately is attempting to determine the intent of the legislature and to effectuate the legislature’s policy choices; the court is not creating its own policy from whole cloth.

 In this case, those are, in fact, the elements that plaintiffs pleaded. The court is wrong to take plaintiffs to task for not having “taken the trouble” to identify the elements of their claim. 356 Or at 370.

 The result was different in Cain v. Rijken, 300 Or 706, 717 P2d 140 (1986), because the statute at issue did not impose a specific obligation. Instead, the court interpreted the statute to impose a duty to “act reasonably in treating and controlling conditionally released patients.” Id. at 721. Because the statute incorporated a negligence standard of care and not a more specific, mandated duty, the court explained that negligence principles of reasonable care and foreseeability of harm were relevant. Id. at 715-16. Contrary to the court’s assertion, 356 Or at 381-82, Cain does not represent the only circumstance in which a court may create a tort remedy for the violation of a statutory duty.

 Those factors are (1) the nature of the legislative provision; (2) the adequacy of existing remedies; (3) the extent to which the tort action will aid or supplement or interfere with existing remedies and other means of enforcement; (4) the significance of the purpose that the legislative body is seeking to effectuate; (5) the extent of the change in tort law; (6) the burden that the new cause of action will place on the judicial machinery. Restatement at § 874A comment h.

 The court’s citation to Burnette for the proposition that “we are reluctant to supply elements of a common-law claim for relief that plaintiffs have failed to identify” is incorrect. In Burnette, the court considered the Restatement factors but did not address the need to plead the elements of an existing tort or the nature of the statutory duty. Burnette, 284 Or at 725-26. Instead, the court discussed a separate Restatement factor: the extent to which the action will aid or supplement or interfere with existing claims and associated remedies and other means of enforcement. Restatement at § 874A comment h(3). In this case, the court concludes that that factor weighs in favor of plaintiffs. 356 Or at 374.

 If the availability of damages under the Declaratory Judgments Act were a basis for denying judicial recognition of a common-law claim, one would think that this court would have discussed that act when previously considering the issue.

 At footnote 16, the court expresses a concern that economic damages may not be available for a strict liability claim, arguing that, for strict products liability claims, personal injury or property damage is required. Id. at 370 n 16. A claim for violation of ORS 243.303(2) is not a strict products liability claim, nor is it a claim for a violation of a common-law duty of reasonable care. A claim for violation of ORS 243.303(2) is a common-law claim for a violation of a specific statutory duty.