NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JONELL GRAINGER, as Personal
Representative of the Estate of Joshua Todd
Fischer,

      Plaintiff-Appellant,

 v.

JOHN ENSLEY; et al.,

      Defendants-Appellees.

No.   20-36021

D.C. No. 1:18-cv-01093-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted February 10, 2022
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and EATON,[**] Judge.

On April 21, 2017, police were dispatched to conduct a welfare check on

Joshua Fischer ("Fischer"), after a nearby resident noticed him lying by the side of

a highway screaming that he wanted to die. The responding officers spoke to

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Richard K. Eaton, Judge for the United States Court of International Trade, sitting by designation.

Fischer for a few minutes and then allowed him to walk home by himself. Less than an hour later, Fischer committed suicide in his bedroom.

Fischer's mother and the personal representative of his estate, Jonell Grainger ("Grainger"), filed suit against State Troopers Robin Katter and Dylan Roberts (collectively, "state defendants") and Curry County, County Sheriff John Ward, and Sergeant John Ensley (collectively, "county defendants"). Two of Grainger's claims are relevant to this appeal: a state law wrongful death claim based on violation of Or. Rev. Stat. § 430.399 (2021), and a state law wrongful death claim based on negligence. The district court granted summary judgment to the defendants on both claims. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

**1.** The county defendants argue that because the remaining claims are both grounded in state law, the federal courts lack jurisdiction over them. This is incorrect. A district court may, in its discretion, continue to exercise supplemental jurisdiction over state law claims even after the final disposition of all federal claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009). Here, the district court expressly determined that it would do so. None of the defendants filed a cross-appeal attacking this decision, so we need not address it. *See Turpen v. City of Corvallis*, 26 F.3d 978, 980 (9th Cir. 1994) (per curiam).

**2.** The county defendants further argue that they are immune from any civil

2

liability for their actions under Or. Rev. Stat. § 430.401(1) (2021) because the officers acted in good faith, without malice, and in accordance with § 430.399 in deciding to send Fischer home. This misunderstands the nature of Grainger's claims. Grainger alleges that the officers failed to perform a duty imposed by § 430.399 because Fischer was a danger to himself and the officers allowed him to go home rather than taking him to an appropriate treatment or sobering facility. Since immunity under § 430.401 applies "only when there are actions," the officers are not shielded from liability in this case, where they are alleged to have *failed* to act in accordance with their statutory duty. *Scovill ex rel. Hubbard v. City of Astoria*, 921 P.2d 1312, 1317 (Or. 1996).

**3.** The only remaining areas of contention regarding Grainger's statutory claim are whether the defendants violated their duty under § 430.399 and whether suicide was a type of injury the legislature intended to prevent. The question of whether defendants violated their duty turns on whether they had reasonable cause to believe that Fischer was a danger to himself, and thus whether they were required to take him to a treatment or sobering facility. The district court erred in defining the type of danger at issue too narrowly. Under the broad statutory language, any type of danger to self is sufficient. *See* Or. Rev. Stat. § 430.399(1) (2021). Taking the evidence that was known to the officers in the light most

favorable to Grainger,[1] a reasonable juror could conclude that they had reason to believe that Fischer was at risk of causing himself *some* sort of harm. The district court thus erred in granting summary judgment.

Moreover, suicide falls within the type of injury the statute was designed to prevent. The plain language of § 430.399 suggests that the legislature intended to protect individuals from dangers they might cause to themselves. *See* Or. Rev. Stat. § 430.399(1) (2021); *see also Scovill*, 921 P.2d at 1320. The statute does not limit its reach to certain kinds of harms, nor does it distinguish between inadvertent danger to self and deliberate danger to self. Suicide is a form of harm to the self, and it is therefore within the realm of dangers that the statute was intended to avoid.

**4.** To establish negligence under Oregon common law, a plaintiff must prove that the defendants' conduct "created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff." *Sloan ex rel. Estate of Sloan v. Providence Health*

---

[1] The district court, on the basis of its own review of the recordings, drew several conclusions about Fischer's mental and physical condition. However, "[t]he mere existence of video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from that footage." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018). Therefore, the court must view the recordings in the light most favorable to Grainger unless her version of the facts is "blatantly contradicted by the video evidence." *Id.*

*Sys.-Oregon*, 437 P.3d 1097, 1102 (Or. 2019). Oregon law does not require that the defendants have been able to predict "the actual sequence of events," *Fazzolari ex rel. Fazzolari v. Portland Sch. Dist. No. 1J*, 734 P.2d 1326, 1338 (Or. 1987) (en banc), or "to precisely forecast a specific harm to a particular person," *Piazza v. Kellim*, 377 P.3d 492, 505 (Or. 2016) (en banc). Viewing the harm at the appropriate level of specificity, Grainger has offered sufficient evidence to create a triable issue about whether defendants knew or should have known that performing an inadequate welfare check on an individual showing signs of suicidal ideation would create an unreasonable risk that that individual would later harm themselves. Summary judgment was thus inappropriate. *See McPherson v. State ex rel. Dep't of Corr.*, 152 P.3d 918, 926 (Or. Ct. App. 2007) (emphasizing that foreseeability is a question that should be left to the jury except in "extreme cases").

Suicide is not, as the district court suggested, unforeseeable as a matter of law in Oregon. *See Washa v. Or. Dep't of Corr.*, 979 P.2d 273, 282-83 (Or. Ct. App. 1999), *aff'd*, 69 P.3d 1232 (Or. 2003) (holding that criminal conduct by a third party can be reasonably foreseeable). Because suicide was the sort of risk that could be expected to result from an inadequately performed welfare check on a person showing signs of suicidal ideation, it was not unforeseeable.

Nor is causation an independent reason to affirm the district court's grant of

5

summary judgment, as the state defendants argue. Under Oregon law, the fact that another actor inflicted the injury does not mean that the defendant's negligence was not also a cause-in-fact of the harm. *See State v. Turnidge*, 374 P.3d 853, 924-25 (Or. 2016). While Fischer clearly contributed to his own death, suicide does not by its nature break the chain of causation under Oregon law. Therefore, causation does not present an independent ground for upholding the grant of summary judgment.

**REVERSED AND REMANDED.**